HENRY STEPHL, *Appellant*, v. E. T. MOORE, R. A. GIDEON, AND C. A. TOLSON, *Appellees*.

Division B.

Opinion Filed July 27, 1927.

Petition for Rehearing Denied October 13, 1927.

*Louis Hudson*, for Appellant;

*Hudson & Cason*, for Appellees.

TERRELL, J.—Appellees secured a temporary injunction againt appellant in the Circuit Court of Dade County,

restraining him from violating certain restrictive covenants in a deed to Lot 11, Block 5, in the subdivision of the City of Miami, known as Inverness. On final hearing the temporary injunction was made permanent. Appeal is taken from that order.

Appellant contends here that the bill of complaint was insufficient on which to predicate a temporary restraining order and that appellees have lost any right to such relief by reason of their long continued acquiescence in previous violations of the covenants brought in question.

The assault on the bill of complaint is grounded on the fact that it does not allege that a violation of the covenants in the deed amounts to an irreparable injury or constitutes a nuisance to the complainants. In this case the injunction is sought to prevent the violation of a restrictive covenant in a contract agreement and when this is the case appropriate allegations showing the violation of or *quasi* violation of the covenant is sufficient. The bill complained of is ample for this purpose and presents a cause of action.

The restrictions in the deed which appellees allege were being violated are as follows:

"That no more than one dwelling house shall be placed on one lot, and no dwelling house shall be less distant than twenty-five feet from the street line in front of said premises, including porch, and on cornor lots not less distant than fifteen feet from the line of the side street."

Said deeds also contain the following pertinent provision:

"That a violating of any other restriction above written shall constitute a nuisance which may be abated at the instance of the grantor or any person then a lot owner in said subdivision."

Appellant does not deny violating the foregoing restrictions in that he was setting up his house less than twenty-five feet from the street line in front of said premises, but

he attempts to justify such violation on the ground that similar violations have been so often condoned and acquiescened in by appellees that they amount to an abandonment of this provision in the deed. Appellant relies on Scharer v. Pantler, 127 Mo. App. 433, 105 S. W. Rep. 668, to support his contention which would be good law if a case of acquiescence and abandonment were made out.

Covenants restraining the free use of real property, although not favored in law will be enforced by the courts when the restriction applies to the location of buildings to be erected on the land and such restrictions are carried in all deeds with a view to preserve the symmetry, beauty and general good of all interested in the scheme of development. The benefit of the restrictive covenants inures to each purchaser irrespective of the time of purchase. Mayes v. Hale, 82 Fla. 35, 89 So. Rep. 364; Moore v. Stevens, 90 Fla. 879, 106 So. Rep. 901; Pearson v. Stafford, 88 N. J. Eq. 385, 102 Atl. Rep. 836; Bowen v. Smith, 76 N. J. Eq. 456, 74 Atl. Rep. 675; Bacon v. Sandberg, 179 Mass. 396, 60 N. E. Rep. 936; Zipp v. Barker, 166 N. Y. 621, 59 N. E. Rep. 1133.

In the case at bar the record discloses that ''Inverness'' consists of one hundred and twenty lots and that seventeen houses have been built within the said subdivision. Appellees individually own lots in the immediate vicinity of that owned by appellant. A few violations of the restrictions quoted herein are shown but none of them materially effect the rights of the appellees in the premises who have made ample showing for the relief sought.

The decree of the Chancellor is therefore affirmed.

Affirmed:

WHITFIELD, P. J., AND BUFORD, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.