143 So.2d 536 (1962)
Charles Richard DANIEL and Edna A. Daniel, His Wife, Appellants,
v.
Howard C. MAY and Florence L. May, His Wife, Appellees.
No. 2915.
District Court of Appeal of Florida. Second District.
July 27, 1962.
*537 Gordon F. MacCalla, Winter Haven, and R.B. Huffaker, Bartow, for appellants.
H.C. Crittenden and Paul Ritter, Winter Haven, for appellees.
WILLIS, ROBERT E., Associate Judge.
This is an appeal by defendants from the Summary Final Decree for the plaintiffs granting a Mandatory Injunction requiring defendants to remove that portion of their dwelling which encroaches on a setback line between the parties' lots.
Both parties deraign title from a common grantor who, in 1954, executed and recorded a deed containing a restricted covenant that no building shall be constructed or allowed to remain within fifteen feet of any sideline of said lot. Defendants admit that they erected a residence on their lot and that the carport of said residence is within six feet of the said side lot line adjoining plaintiff. The defendants answer and counterclaim in defense of the action and in support of their claim for removal of certain restrictions on their property, alleged among other defenses that it has been common practice for homes to be built in the subdivision without regard to building restrictions as to setbacks; that, in 1956, the Circuit Court of Polk County modified certain similar restrictions as to other lots in the subdivision; that defendants' residence is valued in excess of $30,000.00 and since plaintiffs' lot is vacant, plaintiffs are not injured; that the deed by which the defendants took title contain no restrictions whatsoever nor any mention of restrictions of record; that plaintiffs are guilty of laches because they did not complain during the time that the defendants' residence was being constructed.
The chancellor upon motion dismissed the counterclaim of the defendants. Plaintiffs then moved for summary judgments and accompanied said motion with an affidavit of plaintiffs stating that they resided in Illinois and had no knowledge of the construction of the defendants' residence until after it was completed and that plaintiffs had requested that defendants remove the encroachment which the defendants refused to do. Defendants did not offer any affidavit or evidence of any *538 kind in opposition to the summary decree motion and the Chancellor granted same and enjoined removal of the carport from within fifteen feet of the side line of their lot adjoining the lot of the plaintiffs.
We affirm the decision of the Chancellor on authority of Vetzel v. Brown, Fla., 86 So.2d 138; Taylor v. Meyer, Fla. App., 96 So.2d 554; wherein it is held that purchasers of land are bound by constructive notices of restrictive covenants in their chain of title.
Where the facts are clear and undisputed as in case at bar, there is no impropriety in the granting of a Mandatory Injunction. McCreary v. Lake Boulevard Sponge Exchange Co., 133 Fla. 740, 183 So. 7; Johnson v. Killian, 157 Fla. 754, 27 So.2d 345. The rule with reference to Mandatory Injunctions to remove structures in violation of restrictive covenants is stated in 43 C.J.S. Injunctions § 87, page 595:
"Unless prohibited by statute, in a proper case the court by means of a mandatory injunction may compel the undoing of a thing already done in violation of a restrictive agreement affecting real estate.
"When buildings or structures have been erected in breach of a restrictive covenant, their removal or alteration may be ordered, especially where the structure has been erected with full knowledge of the restriction and in willful violation of plaintiffs' rights. The Court will not ordinarily take into consideration the relative amount of inconvenience or injury to be suffered by the parties in case the injunction is granted or refused, except in cases where the damage caused by the breach is minute."
The authorities are also collected in 28 A.L.R.2d 679.
It is also established in Stephl v. Moore, 94 Fla. 313, 114 So. 455, that an injunction against violation of restrictive covenants may be granted although there is no showing of irreparable injury. That is so because every piece of land in the world has a peculiar value, infringement of which is not readily remediable by assessment of damages of law. Cf. 29 Fla.Jur., page 555.
Affirmed.
SHANNON, C.J., and SMITH, J., concur.