PEARSON, Judge.
The plaintiffs, property owners in the City of Miami Beach, filed a complaint in the Circuit Court of Dade County, Florida, against the defendant, the City of Miami Beach, alleging that the defendant was maintaining a nuisance, specifically as to them, as well as to other residents in the immediate neighborhood of their home. The nuisance complained of was denominated by the defendant as a “trim dump”, but the complaint alleged that it was, in reality, a trash or garbage dump and, as such, was a nuisance.
The complaint further alleged that the property, upon which the “trim dump” was being maintained, was subject to a restrictive covenant prohibiting the use of the property for any purpose other than a golf course and that the defendant, City, was in violation of the restriction, of which the plaintiffs were an intended beneficiary.
Defendant’s answer was a general denial of the allegations of the complaint. The *505 chancellor, after final hearing, found in favor of the plaintiffs on both of their contentions and entered a decree as follows:
“ORDERED, ADJUDGED AND DECREED as follows:
“1. That this Court has jurisdiction of the subject matter hereof and of the parties hereto.
“2. That the plaintiffs have shown by substantial competent evidence that they are entitled to the relief prayed for in their complaint, including the injunction prayed for therein.
“3. That the CITY OF MIAMI BEACH, its representatives, employees and agents are hereby and herewith ordered and directed within thirty (30) days from the date hereof to do the following :
“(a) Remove any and all refuse, trim, cuttings, and waste matter and other foreign materials presently located in the “trim dump” being maintained by the defendant on the corner of 28th Street and Sheridan Avenue, Miami Beach, Florida.
“(b) Remove the presently existing hedge which delineates the area of the said “trim dump”.
“(c) Landscape the area which is presently being used as a “trim dump” in conformity with the rest of the landscaping along the golf course on Pine Tree Drive, Sheridan Avenue and 28th Street, Miami Beach, Florida.
“4. That the defendant, CITY OF MIAMI BEACH, be, and it is hereby, permanently enjoined from using any of the land on 28th Street and Sheridan Avenue, Miami Beach, Florida, as a dumping ground for any and all refuse and waste matter and other foreign materials.
“5. This Court shall retain jurisdiction of the parties and of the matter to make any further orders with respect to carrying out the purposes and intend-ments of this Final Decree.”
On this appeal the appellant City presents the following points:
“Point I. The evidence is contrary to the decree and the complaint should have been dismissed.
“Point II. The plaintiffs are not parties entitled to invoke the provisions of the covenant limiting the use of the property in question to golf course purposes.
“Point III. The circuit court erred in not applying the ‘balance .of convenience doctrine.”
“Point IV. The plaintiffs are estopped from complaining.
“Point V. The final decree is too broad.
“Point VI. The decree is too uncertain to permit compliance therewith.”
Upon consideration of Point I, we hold that there is evidence in the record to support the decree except as to the extent of the final decree which will be discussed under appellant’s Point V.
The decree is affirmed as to matters presented under appellant’s Point II which maintains that the plaintiffs are not entitled to invoke provisions of the covenant limiting the use of the property to golf course purposes. See Stephl v. Moore, 94 Fla. 313, 114 So. 455, (1927). So also Osius v. Barton, 109 Fla. 556, 147 So. 862, 88 A.L.R. 394 (1933).
Under Point III, appellant has argued that the City of Miami Beach finds it necessary to maintain temporary points of deposit upon City owned property in order to properly collect the trash and maintain the beauty of the City’s streets. We do not pass upon the merits of this argument because an examination of the record discloses that no proper predicate exists in the evidence for its consideration. In order to present such a question to this Court, the *506 record must show evidence of the City’s comprehensive plan and the necessity therefor. Appellant’s Point III does not present reversible error in that it is not demonstrated that the chancellor did not consider the balance of convenience doctrine; nor is it demonstrated that the doctrine was applicable to the facts of this case.
Appellant’s Point IV claims that the plaintiffs are estopped to seek the relief prayed. Reversible error has not been demonstrated.
Appellant’s Points V and VI urge that the final decree is too broad and that it is too uncertain to permit enforcement. We hold that the appellant’s position is well taken under these points and that the evidence does not support the full scope of the final decree. The record contains no evidence that trim cmd cuttings from the golf course constitute either a nuisance or a violation of the restrictive covenant which limits the use of the City-owned land to “golf course purposes.” It is usual for public areas containing substantial greenery to require an area in which clippings and clean-up material may be deposited. We take judicial notice that in this tropical area of lush growth, a temporary storage area is necessary for both public and private property owners. In dealing with an area as extensive as a golf course, it is unreasonable to require the City to haul away each load of cuttings and to clean-up material as it is accumulated.
In addition, we find no support in the record for that portion of the final decree which directs the removal of the existing hedge, ¡paragraph 3(b), inasmuch as there is no showing that the existing landscaping is unsightly. This conclusion requires the reversal of paragraph 3(c) which directs the landscaping of the area “in conformity with the rest of the landscaping along the golf course.”
We have considered the applicability of the decision in City of Miami Beach v. Kirsner, Fla.App. 1965, 178 So.2d 65. The trim dump in the Kirsner case was located on a central parkway in the street and was used by residents of other islands for depositing unsightly debris. In the case sub judice, the City deposits trim on a corner of the City golf course for a period of time which never exceeds six days.
The final decree appealed is affirmed in part and reversed in part, and the cause is. remanded for the entry of a final decree in accordance with the views herein expressed.
Affirmed in part and reversed in part and remanded.