RAWLS, Judge
(concurring specially).
A review of the record reflects that the facts here do not come within those decisions involving building restriction covenants running with the land and made by a common grantor for the benefit of all owners of lots in a subdivision.[1] The covenants in the two deeds from the Rices to Dorothy E. Rice contain no words indicating any intent that the restrictions run *457 with the land, bind the heirs and assigns of any grantee, or are for the benefit of neighboring property owners. Since the area contains a motel, several trailer parks, a junk yard, an apartment house, etc., there is no uniform plan of development by which the complainants have acquired any beneficial interest — particularly one which would authorize them to impose a restrictive covenant upon the Moores who purchased without restriction. The law generally does not favor restraining the free use of real property, and covenants are strictly construed. I, therefore, concur.

. Stephl v. Moore, 94 Fla. 313, 114 So. 455 (1927) ; and Osius v. Barton, 109 Fla. 556, 147 So. 862, 88 A.L.R. 394 (1933).