563 So.2d 103 (1990)
JACK ECKERD CORPORATION, Appellant,
v.
17070 COLLINS AVENUE SHOPPING CENTER, LTD., and Taco Bell Corporation, Appellees.
No. 90-796.
District Court of Appeal of Florida, Third District.
May 2, 1990.
Rehearings Denied July 24, 1990.
*104 Blackwell & Walker and Francis A. Anania and Kathleen M. Salyer, Miami, for appellant.
Holland & Knight and Judith M. Korchin, Miami, for appellee Taco Bell Corp.
Leopold & Leopold and Maurice Rosen, North Miami Beach, for appellee 17070 Collins Ave. Shopping Center, Ltd.
Before FERGUSON, GERSTEN and GODERICH, JJ.
PER CURIAM.
The issue presented in this appeal, from an order denying a motion for temporary injunction, is the same question we decided in L. Luria & Son, Inc. v. Fingerman, 497 So.2d 682 (Fla. 3d DCA 1986): Whether a commercial tenant, under an agreement which prevents the landlord from reducing the parking area by construction on an outparcel, is obligated to prove irreparable harm as a basis for a temporary injunction to prevent a breach by the landlord of the restrictive covenant.
In L. Luria & Son the lease provided:
[T]he owner shall not have the right to make any alterations or additions to the demised premises without the prior written consent of the Tenant.... Owner further agrees that it shall not construct any other buildings or improvements in the Shopping Center which would in any way affect the access or visibility of the demised premises and the signs of the facade of said demised premises from either 137th Avenue or Kendall Drive.
Notwithstanding the above agreement, the landowner entered into an agreement with a new lessee for the construction of a Tony Roma's Restaurant in the parking area which would have reduced the number of available parking spaces and affected the view of L. Luria's store from one or both of the traffic arteries named in the covenant. In denying L. Luria's motion for a temporary injunction, the trial court held that "the modifications to the parking area proposed by the Defendants/Landlords are reasonable, [and] do not materially diminish the parking available to Plaintiff."
We disagreed with the trial court in L. Luria & Son, relying on a number of out-of-state cases, including Walgreen Co. v. American Nat'l Bank & Trust Co., 4 Ill. App.3d 549, 281 N.E.2d 462 (1972). In Walgreen, which presented the same issue, the Illinois court, commenting on factors which constitute injury sufficient to mandate injunctive relief, likened the lessee's *105 right to an easement,[1] writing:
Walgreen has an easement for ingress, egress and parking as set forth in the plot plan attached to the lease. The [proposed construction] violates this right and eliminates three spaces which had been used for parking for over ten years... . The [proposed construction] which would be separated from the mall would not draw customers to the mall and to the other stores and could easily disrupt the established pattern of customer travel and use of the parking facilities. The deprivation of a property right, the elimination of parking spaces, and the potential disruption of travel constitute an irreparable injury.

[Emphasis added.]
The lease in this case provides:
Landlord agrees that the front parking lot will be ground level only and will remain as shown on Exhibit "A" unless written permission is obtained from tenant for any change or alteration. Landlord shall prohibit the placing of any buildings on the front parking lot.
As in L. Luria & Son, the landlord here, without the tenant's written permission, entered into an agreement with a prospective lessee for construction of a free standing restaurant in the parking area. In support of its motion for a temporary injunction Eckerd's vice president testified that (1) a large number of parking places will be displaced by the Taco Bell structure and drive-in operation, (2) customer convenience will be affected by competition for the remaining parking places, (3) the visibility of the Eckerd Store will be obstructed by the Taco Bell, and (4) potential customers of Eckerd may decline to patronize the pharmacy because of the unavailability of parking spaces. The landlord's witnesses agreed that the proposed Taco Bell will generate additional traffic in the parking lot and that there will be a loss of forty-seven parking spaces as a result of constructing the new restaurant.
In denying the motion for temporary injunctive relief, the trial court concluded that it was not satisfied that Eckerd would suffer irreparable harm as a result of the landlord's breach of the agreement. We disagree on the authority of the factually indistinguishable L. Luria & Son case. Where an injunction is sought to prevent the violation of a restrictive covenant, appropriate allegations showing the violation are sufficient and it is not necessary to allege, or show, that the violation amounts to an irreparable injury. Stephl v. Moore, 94 Fla. 313, 114 So. 455 (Fla. 1927); Daniel v. May, 143 So.2d 536 (Fla. 2d DCA 1962). Liza Danielle, Inc. v. Jamko, Inc., 408 So.2d 735 (Fla. 3d DCA 1982), relied upon by the landlord, is distinguishable. There, the covenant at the core of the controversy was more in the nature of a no-competitionclause, and did not implicate real property, or easement rights.
We do not address the landlord's estoppel argument which was not factually developed or decided by the trial court. Our determination that the appellant is entitled to a temporary injunction on the record presented, will not be binding on the trial court after a full hearing on the merits. Ladner v. Plaza Del Prado Condo. Ass'n, Inc., 423 So.2d 927 (Fla. 3d DCA 1983), rev. denied, 434 So.2d 887 (Fla. 1983).
Reversed and remanded for further consistent proceedings.
FERGUSON and GODERICH, JJ., concur.
GERSTEN, Judge.
I respectfully dissent. The majority opinion carves out an exception to the time honored, judicially designed requirements for securing a temporary injunction.
It is well established that a temporary injunction is an extraordinary remedy, *106 which should be granted sparingly and only after the moving party has alleged and proven facts entitling it to relief. Contemporary Interiors, Inc. v. Four Marks, Inc., 384 So.2d 734 (Fla. 4th DCA 1980); Jennings v. Perrine Fish Market, Inc., 360 So.2d 434 (Fla. 3d DCA 1978). In order to maintain injunctive relief, the party seeking it must establish: (1) irreparable harm; (2) inadequate remedy at law; (3) clear legal right to the relief requested; and (4) that a temporary injunction would serve the public interest. See Stiller v. Mariner Cay Property Owners Association, Inc., 513 So.2d 798 (Fla. 4th DCA 1987).
The law on injunctions in Florida is not new. Indeed, as early as the turn of the century, the courts realized the necessity to limit such relief to extraordinary cases:
The writ of injunction is an extraordinary, not an ordinary, everyday writ, and it should never be granted lightly but cautiously and sparingly... .
Savage v. Parker, 53 Fla. 1002, 43 So. 507 (1907); see also Godwin v. Phifer, 51 Fla. 441, 41 So. 597 (1906). The need to show irreparable injury in order to secure a temporary injunction predates those cases. See Shivery v. Streeper, 24 Fla. 103, 3 So. 865 (1888); see also Harbor v. Lancaster, 70 Fla. 200, 69 So. 720 (1915); St. Johns County v. Triay, 73 Fla. 289, 74 So. 405 (1917).
Appellant claims irreparable harm and an inadequate remedy at law. Yet nothing would prevent appellant from recovering money damages in a subsequent action for the breach of contract which has evidently occurred. In B.G.H. Insurance Syndicate, Inc. v. Presidential Fire & Casualty Company, 549 So.2d 197 (Fla. 3d DCA 1989), this court clearly enunciated the standard applicable where monetary damages are available:
For injunctive relief purposes, irreparable harm is not established where the potential loss can be adequately compensated for by a monetary award.
B.G.H. v. Presidential Fire & Casualty Co., 549 So.2d at 198; see also Pallen v. Richardson, 531 So.2d 1043 (Fla. 3d DCA 1988).
The majority relies on L. Luria & Son, Inc. v. Fingerman, 497 So.2d 682 (Fla. 3d DCA 1986) for the proposition that a tenant need not prove financial harm as a basis for a temporary injunction. However, this court reversed the trial court in L. Luria & Son because:
[T]he trial court impermissibly varied the terms of the parties' lease when it ruled that the proposed construction by appellees of two restaurants in the mall parking area was reasonable and did not materially diminish parking available to appellant.
L. Luria & Son, Inc. v. Fingerman, 497 So.2d at 683. That case addressed a trial court varying the terms of a lease. It did not address whether a commercial tenant is obligated to prove financial harm as a basis for a temporary injunction. Accordingly, L. Luria & Son is inapplicable here. Regardless, a commercial tenant must allege and prove irreparable harm and an inadequate remedy at law in order to secure a temporary injunction.
In the absence of such proof, the proper remedy for a breach of a lease is an action for damages. In a damages action the tenant could show financial harm as the basis for recovery.
The majority opinion stands for the proposition that a commercial tenant needs only a colorable property right to bring a landlord to his knees by a temporary injunction. I submit this is not and should not be the law of Florida.
Leases are contracts. If one breaches a contract, then one pays the price in damages, if any. I see no reason to treat a commercial lease differently than any other contract.
Because I agree with the trial court that appellant has not met the prerequisites for the issuance of an injunction, proving neither irreparable harm nor inadequate remedy at law, I would affirm.
NOTES
[1] An easement, generally, is a right in the owner of one parcel of land, by reason of such ownership, to unfettered use of the property of another for a special purpose, not inconsistent with the general property right of the owner. The extent of an easement depends on the intent of the parties, which is determined by the language of the granting instrument, the situation of the property, and the surrounding circumstances. Easton v. Appler, 548 So.2d 691 (Fla. 3d DCA 1989).