645 So.2d 1053 (1994)
BLUE REEF HOLDING CORP., INC., Appellant,
v.
Joseph F. COYNE, Individually and as Trustee of Saturn Realty Trust, a Massachusetts Business Trust, Frank L. Viola, Anthony M. Viola, Jaguar Construction, Inc., Jupiter Key Association, Inc., Haymarket Cooperative Bank, and The Town of Jupiter, Appellees.
No. 94-1302.
District Court of Appeal of Florida, Fourth District.
November 16, 1994.
Rehearing Denied December 27, 1994.
*1054 David L. Gorman and Peter S. Van Keuren of David L. Gorman, P.A., North Palm Beach, for appellant.
Nancy W. Gregoire, Brian S. McHugh and Porcher L. Taylor, III, of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellees-Joseph F. Coyne, Individually and as Trustee of Saturn Realty Trust, a Massachusetts Business Trust, Frank L. Viola, Anthony M. Viola, Jupiter Key Ass'n, Inc. and Haymarket Coop Bank.
WARNER, Judge.
In this appeal from the denial of a temporary injunction the trial court determined that a declaration of restrictions to real property gave a developer an unfettered right to change the size and configuration of recreational parcels of property in its development. We hold that the declarations of covenants and restrictions prevent such a modification without the consent of the owners and reverse.
Appellant is the owner of two residential lots within the platted subdivision of Jupiter Key. Appellee, Joseph Coyne, as trustee, was the developer of Jupiter Key. The subdivision was originally platted in October 1991 and provided for single-family and multi-family lots and included a sizeable recreation area on the plat. In January 1992 the developer recorded covenants and restrictions for Jupiter Key, which recited that the Property comprising Jupiter Key would be owned, used, and conveyed subject to the covenants and restrictions contained within the recorded document and that such "provisions, conditions, covenants, restrictions, reservations, regulations, burdens, benefits ... shall run with and bind the Property and inure to the benefit of Developer, the Corporation, Owners... . for a period of 99 years." The covenants described the "recreation area" as those portions of Jupiter Key "designated as, or dedicated for use as, a Recreation Area" as depicted in Exhibit D attached hereto, and shall only be used for "Recreational purposes." Exhibit D consisted of the original plat of the subdivision of October 1991 and showed the recreational area. The recreational areas were designated for the sole use of the residents of Jupiter Key, and the declarations provided for the conveyance of the areas to the property owner's association once the developer had sold 75% of the lots, which was deemed the date of turnover. The declaration of covenants also provided that the covenants could be amended by the developer without the requirement of the consent of either the property owner's association or the owners. However, "no amendment to this declaration shall be effective which would increase the liabilities of the then Owner or prejudice the rights of a then Owner or his guests, invitees, lessees and licensees to utilize or enjoy the benefits of the then existing Common Property unless the Owner or Owners so affected consent to such amendment in writing or unless such amendment is adopted in accordance with the procedures required for adoption of an amendment to this Declaration after the Turnover date." Art. IX. Section J(4). An amendment became effective when a Certificate of Amendment was recorded in the Public Records.
In December 1993, the developer recorded a replat of a portion of Jupiter Key, including the Recreation area. In doing so, he reduced the size of the recreation area by about one-half. Townhomes were designated to be constructed on the half of the recreational area appropriated to the developer in the replat. Appellant was not made aware or given any notification of the change of the recreational area, even though its lots had been purchased over a year prior to the replat. There is in the record no certificate of amendment to the covenants and restrictions. Upon discovering the new plat and the substantial reduction of the size of the recreational area, appellant filed suit to enjoin the construction of the townhomes as well as to remove that portion of the construction already commenced. After an evidentiary hearing on a motion for temporary injunction, the trial court denied the injunction, finding that the covenants and restrictions for Jupiter Key gave the owner the right to make modifications to the size of the Recreation Area, citing to the amendment portion *1055 of the declarations. That order generates this appeal.
We think that the trial court ignored the clear language of the covenants in determining that the developer had an unrestricted right to change the size of the recreation area. First, the covenants define the recreation area as it was defined on the first plat. Second, that area is reserved only for recreational purposes. To change the use of half of that area to a townhouse lot is a clear violation of the declarations. While the developer, who is also bound by the covenants, reserved the right to amend, no amendment is effective without the owners' consent where it prejudices the rights of an owner to "utilize or enjoy the benefits of the then existing Common Property [which by definition in the declaration includes the recreational area]." Building a townhouse on part of the recreational property most assuredly prejudices the owners' rights to "utilize" the existing Common Property, because it turns common property which was to be owned by the property owner's association into residential property. Appellees' argument that lessening the size of the recreational area does not decrease appellant's benefit of the use of the facilities to be constructed is off mark. Either the facilities constructed will be considerably smaller, fewer recreational facilities will be constructed, or the residents will have less open space for other communal uses. In any event, appellant does not have the use of what the declarations promised would inure to its benefit. The owner was required to consent to such a change in use.
The declarations of covenants were restrictions running with the land. They were binding on both developer and subsequent owners. The interpretation of the covenant, being a matter of law, see Royal Oak Landing Homeowner's Association, Inc. v. Pelletier, 620 So.2d 786 (Fla. 4th DCA 1993), we hold that the trial court erred in determining that the developer had an unlimited right to amend the covenants to appropriate to his own benefit land set aside for the use of the owners.
Appellees contend, in the alternative, that appellant has not proved an irreparable injury through the violation of the covenant. Therefore, it has not satisfied the requirements to obtain a temporary injunction. However, irreparable injury is not required to be shown to enjoin a violation of a restrictive covenant affecting real property. Stephl v. Moore, 94 Fla. 313, 114 So. 455 (1927); Killearn Acres Homeowners Ass'n, Inc. v. Keever, 595 So.2d 1019 (Fla. 1st DCA 1992); Jack Eckerd Corporation v. 17070 Collins Ave. Shopping Center, Ltd., 563 So.2d 103 (Fla. 3d DCA 1990); Daniel v. May, 143 So.2d 536 (Fla. 2d DCA 1962). The declaration of covenants clearly were covenants restricting real property. Contemporary Interiors, Inc. v. Four Marks, Inc., 384 So.2d 734 (Fla. 4th DCA 1980), is not to the contrary. Unlike the present case, while the plaintiff in Contemporary Interiors claimed that its property interest was being harmed, the opinion notes that no facts showed the existence of a property right.
We therefore reverse the order denying the temporary injunction. The imposition of the temporary injunction would preserve the status quo until the final hearing on the injunction. We remand for further proceedings.
HERSEY and GLICKSTEIN, JJ., concur.