934 So.2d 670 (2006)
AUTOZONE STORES, INC., a Nevada corporation, as successor in interest to Autozone, Inc., a Nevada corporation, Appellant,
v.
NORTHEAST PLAZA VENTURE, LLC., a Delaware limited liability company, successor in interest to Plaza Associates, Ltd., an Ohio limited partnership, Appellee.
No. 2D05-5023.
District Court of Appeal of Florida, Second District.
August 9, 2006.
*671 Carlos M. Colombo and Kevin P. Robinson of Zimmerman, Kiser & Sutcliffe, P.A., Orlando, for Appellant.
*672 Elliot H. Scherker, David S. Oliver, and Elliot B. Kula of Greenberg Traurig, P.A., Orlando, for Appellee.
CANADY, Judge.
In this case, we consider whether a tenant under a commercial lease must make a showing of irreparable harm to obtain injunctive relief for the violation of a lease provision restricting the use of the landlord's property adjacent to the leasehold property. Autozone Stores, Inc., the tenant, appeals a final declaratory judgment entered in an action filed by Northeast Plaza Venture, LLC, the landlord, against Autozone. The declaratory judgment determined that if the landlord's development of land adjacent to the leasehold constituted a breach of the lease, injunctive relief would be unavailable because the tenant had an adequate remedy at law in the form of monetary damages. Because we conclude that Autozone would not be required to show irreparable harm to obtain injunctive relief for a violation by the landlord of a restrictive covenant affecting the use of real property, we reverse.

Background
Autozone and Northeast Plaza entered into a lease agreement whereby Autozone leased retail property in a shopping center owned by Northeast Plaza in Sarasota County. The lease provides in pertinent part:
24. COMMON FACILITIES: (A) All those portions of Entire Premises shown on Exhibit "B" or "B-1" which are not presently occupied by buildings shall be Common Facilities for the exclusive joint use of all tenants of Entire Premises....
(B) Throughout the Term, the Common Facilities shall contain a Parking Area and Landscape Area as shown on Exhibit "B" or "B-1," and Landlord shall not use or permit the Common Facilities to be used for carnivals or other businesses, temporarily or permanently.
Northeast Plaza sought to develop two outparcels located on the lands designated as "Common Facilities." Northeast Plaza filed a complaint for declaratory judgment, alleging that Autozone "objects to the construction of additional commercial facilities on the Outparcels, and has threatened, explicitly or implicitly, to bring litigation against Northeast Plaza to enjoin the sale of the Outparcels or to prevent construction if construction commences on the Outparcels or either of them." Northeast Plaza sought a determination either that development of the outparcels does not constitute a breach of the lease agreement or that if development does constitute a breach, Autozone could not obtain injunctive relief because it would have an adequate remedy at law in the form of monetary damages.
Both parties filed motions for summary judgment. After a hearing, the trial court denied Autozone's motion and granted Northeast Plaza's motion. The court ruled "that in the event [Northeast Plaza's] development of the outparcels constitutes a breach of the Lease, [Autozone] has an adequate remedy at law in the form of monetary damages and therefore, injunctive relief will not issue against [Northeast Plaza]." The trial court entered final judgment in favor of Northeast Plaza. Although it appears that the development of the outparcels would constitute a breach of the lease, the trial court did not address that question.

Argument on Appeal
Autozone raises three points on appeal, only one of which we need address. Autozone argues that because the lease provision at issue is a covenant affecting real property, it is not necessary to prove irreparable *673 harm to obtain injunctive relief for a violation of the lease provision.
Northeast Plaza responds that Autozone is seeking "to avoid the well-settled law" regarding a party's entitlement to injunctive relief and the requirement of a showing of irreparable harm. Northeast Plaza contends that the case law governing the enforcement of restrictive covenants concerning residential communities is not applicable to the enforcement of a restriction in a commercial lease such as the restriction at issue here. Northeast Plaza relies on case law concerning the enforcement of lease provisions restricting competition. Northeast Plaza also argues that it defeated the claim for injunctive relief by providing expert testimony that the potential violation of the lease could be remedied by the payment of money damages.

Analysis
"Injunctive relief is normally available to redress violations of ... restrictive covenants [affecting real property] without proof of irreparable injury or a showing that a judgment for damages would be inadequate. The value of a restrictive covenant ... is often difficult to quantify and may be impossible to replace." Restatement (Third) of Prop.: Servitudes § 8.3 cmt. b (2000).[1] Restrictive covenants
have traditionally enjoyed the strong protection afforded property interests by specific remedies designed to secure enjoyment of the intended [benefit] rather than compensation designed to substitute for its loss. Because [restrictive covenants] usually are intended to create rights to use or protect specific property, to provide shared amenities, or to maintain the character of a neighborhood, their value is often difficult to monetize and impossible to replace without a change of location.
Id. See also Velickovich v. Ricci, 391 So.2d 258, 259 (Fla. 4th DCA 1980) ("Because of the unique nature of each piece of real property, violations of restrictive covenants cannot be easily remedied by money damages.").
Florida law has long recognized that injunctive relief is available to remedy the violation of a restrictive covenant without a showing that the violation has caused an irreparable injurythat is, an injury for which there is no adequate remedy at law. In Stephl v. Moore, 94 Fla. 313, 114 So. 455, 455 (1927), the court rejected the claim that the failure to allege "that a violation of the covenants in [a] deed amounts to an irreparable injury" precluded the granting of injunctive relief. The court held that "appropriate allegations showing the violation of or quasi violation of the covenant [are] sufficient." Id. At issue in Stephl was the violation of a residential setback restriction.
Following Stephl, in Daniel v. May, 143 So.2d 536, 538 (Fla. 2d DCA 1962), this court applied the rule "that an injunction against violation of restrictive covenants may be granted although there is no showing of irreparable injury." We explained that there is a right to equitable relief in such cases "because every piece of land in the world has a peculiar value, infringement *674 of which is not readily remediable by assessment of damages of law." Id. As in Stephl, the restriction at issue in Daniel was a setback restriction in a residential subdivision. See also Blue Reef Holding Corp. v. Coyne, 645 So.2d 1053 (Fla. 4th DCA 1994); Killearn Acres Homeowners Ass'n v. Keever, 595 So.2d 1019 (Fla. 1st DCA 1992); Europco Mgmt. Co. of Am. v. Smith, 572 So.2d 963 (Fla. 1st DCA 1990).
Contrary to the argument advanced by Northeast Plaza, the rule stated in Stephl and Daniel is not limited to the context of restrictive covenants governing residential properties. The rationale for that rule applies with equal force in the context of a restriction affecting the use of real property in a commercial lease. A tenant seeking to enforce a restrictive covenant under a commercial lease is no less entitled to "the strong protection afforded property interests by specific remedies designed to secure enjoyment of the intended [benefit]" than is the owner of a residential property seeking to enforce a setback requirement or other restrictive covenant. Restatement (Third) of Prop.: Servitudes § 8.3 cmt. b (2000).
Jack Eckerd Corp. v. 17070 Collins Avenue Shopping Center, Ltd., 563 So.2d 103, 104 (Fla. 3d DCA 1990), addressed "[w]hether a commercial tenant, under an agreement which prevents the landlord from reducing the parking area by construction on an outparcel, is obligated to prove irreparable harm as a basis for a temporary injunction to prevent a breach by the landlord of the restrictive covenant." Relying in part on Stephl and Daniel, the Jack Eckerd Corp. court held: "Where an injunction is sought to prevent the violation of a restrictive covenant, appropriate allegations showing the violation are sufficient and it is not necessary to allege, or show, that the violation amounts to an irreparable injury." 563 So.2d at 105. See also L. Luria & Son, Inc. v. Fingerman, 497 So.2d 682 (Fla. 3d DCA 1986).
We are unpersuaded by Northeast Plaza's argument that we should follow the Third District's decision in Liza Danielle, Inc. v. Jamko, Inc., 408 So.2d 735 (Fla. 3d DCA 1982), where the court held that a tenantthe operator of a shoe storewas not entitled to injunctive relief for the violation of a lease provision that prohibited the landlord from leasing any other space to a retail shoe store. The court agreed with the landlord's argument that the tenant had "failed to prove . . . that it was without an adequate remedy at law, or. . . that it would suffer irreparable harm" and therefore was not entitled to injunctive relief. Id. at 738. The court went on to state that "[p]erhaps the most compelling reason" for reversing the injunction was the "harsh effect of this remedy" on the competing lessee "who, the proofs strongly suggest, may be characterized as an innocent subsequent lessee without notice" of the exclusivity provision in the complaining tenant's lease. Id. at 740. The Liza Danielle, Inc. court made no reference to Stephl or Daniel or the rule that they state concerning the availability of injunctive relief as a remedy for the violation of restrictive covenants.
The Jack Eckerd Corp. court distinguished the Liza Danielle, Inc. decision on the ground that the "covenant at the core of the controversy [there] was more in the nature of a no-competition-clause, and did not implicate real property, or easement rights." 563 So.2d at 105. Liza Danielle, Inc. is distinguishable from the instant case on the same basis.
Without implying that we agree with the decision in Liza Danielle, Inc., we recognize that lease provisions restricting competition may present considerations *675 not addressed by a lease covenantsuch as the covenant at issue heresimply designed to prevent development of lands adjacent to the leasehold property. See Tusa v. Roffe, 791 So.2d 512 (Fla. 4th DCA 2001) (applying requirements of section 542.335, Florida Statutes (Supp.1996), concerning noncompete covenants to case involving lease provision prohibiting landlord from renting space to business in competition with complaining tenant). We also recognize that the rights of innocent third parties may have a bearing on the availability of injunctive relief. In the instant case, of course, such third-party rights are not implicated. We likewise recognize that other equitable defenses may be available to a claim for injunctive relief for the violation of a restrictive covenant affecting the use of real property.[2] Northeast Plaza has not, however, relied on any basis for a declaration that injunctive relief is unavailable for a violation of the lease other than the claim that Autozone failed to establish that it would suffer irreparable harm.
Finally, we reject Northeast Plaza's argument that Autozone's right to injunctive relief was defeated by Northeast Plaza's expert's testimony that the potential violation of the lease could be remedied by the payment of damages. The rule stated in Stephl, Daniel, and Jack Eckerd Corp. cannot be circumvented by the introduction of such expert testimony. We acknowledge the view that any harmincluding the harm caused by the violation of a restrictive covenant relating to the use of real propertycan be assigned a monetary value. But the law of Florida has not embraced that view.

Conclusion
Based on the rule articulated in Stephl, Daniel, and Jack Eckerd Corp., we reverse the final declaratory judgment entered in favor of Northeast Plaza. Because the trial court did not address the issue of whether the development of the outparcels would constitute a violation of the lease, we remand for further proceedings not inconsistent with this opinion.
WHATLEY and WALLACE, JJ., Concur.
NOTES
[1] See also Douglas Laycock, The Triumph of Equity, 56 Law & Contemporary Problems 53, 57 (1993) ("Injunction or specific performance is the usual remedy in all litigation relating to rights in real estate, including not just specific performance of contracts to sell, but also specific performance of restrictive covenants, condominium restrictions, and lease agreements, and injunctions against encroachments, nuisances, continuous or repeated trespasses, interference with easements, wrongful foreclosure of liens, violations of zoning laws, and removal of timber, minerals, or lateral support." (emphasis added)).
[2] For a survey of equitable defenses to the enforcement of restrictive covenants, see Richard A. Schlosser, Enforcement of Restrictive Covenants, in Florida Real Property Litigation §§ 9.17-.28 (Fla. Bar CLE 4th ed. 2005).