665 So.2d 1091 (1995)
B. Douglas HIND-MARSH, Appellant,
v.
Albert PUGLIA, etc., Appellee.
No. 94-3069.
District Court of Appeal of Florida, Third District.
December 20, 1995.
B. Douglas Hind-Marsh, in pro person.
Marc Anthony Douthit, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
PER CURIAM.
B. Douglas Hind-Marsh appeals a final judgment entered, pursuant to a bench trial, *1092 in the defendant, Albert Puglia's favor. We reverse and remand with directions to enter judgment in Hind-Marsh's favor.
In February of 1986 Puglia, an officer of Trimex, Inc., signed a check made payable to Hind-Marsh for $42,982.00. The check was imprinted with the corporation's name at the top, but Puglia's signature did not indicate that he was signing in a representative capacity. In March of that same year, Hind-Marsh went to the drawee, Capital Bank, to cash the check and was informed that there were insufficient funds in the account on which it was drawn. Ultimately, Hind-Marsh filed an action against Puglia personally to recover on the dishonored check. Following a bench trial, the trial judge entered judgment in Puglia's favor without giving any reasons for his decision.
The relevant and controlling statute at the time the cause of action arose was section 673.403, Florida Statutes (1985). See Serna v. Arde Apparel, Inc., 657 So.2d 966 (Fla. 3d DCA 1995) (holding that dishonor of checks later sued upon is event giving rise to cause of action). That section provides that an authorized representative, such as Puglia, who signs his name to an instrument "is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity," unless the immediate parties establish a contrary understanding. § 673.403(2)(b), Fla. Stat. (1985). In the instant case, Puglia offered no evidence to establish such a contrary understanding existed between the parties at the time he signed the check. Compare Newport Seafood, Inc. v. Neptune Trading Corp., 555 So.2d 376 (Fla. 3d DCA 1989).
For the foregoing reason, we reverse and remand with directions to enter judgment in the plaintiff, Hind-Marsh's favor.