GERSTEN, Judge.
AppeUant, BBD Electrical Distributors, Inc. (“BBD”), appeals the trial court’s order dismissing its breach of contract action against appellee, Philip Magid (“Magid”), for lack of personal jurisdiction. We reverse.
BBD sold electrical supplies to JEM Lighting, Inc. (“JEM”), a corporation formed by Magid. JEM purchased electrical supplies and Magid, a Connecticut dentist, signed the checks to pay for the supphes. The electrical equipment was picked up by JEM at BBD’s Miami warehouse. Over a five-year period, JEM and BBD did over $3,500,000 in business, and Magid signed over 140 checks payable to BBD.
In September of 1991, two cheeks signed by Magid totalling $80,000 were returned for insufficient funds. The cheeks were never paid and JEM eventually went out of business. BBD then sued Magid and JEM. Count I of the complaint against Magid, alleged that Magid was personally hable on the two checks because he signed them without *81 indicating he was acting in a representative capacity.
In response, JEM and Magid filed a motion to dismiss the complaint for failure to state a cause of action and for lack of personal jurisdiction over Magid. The trial court granted the motion to dismiss Magid for lack of personal jurisdiction.
On appeal, Magid contends that he is not subject to jurisdiction in Florida because he is not personally liable on the checks and does not have sufficient minimum contacts with the state. We disagree.
First, we find that the complaint alleges sufficient jurisdictional facts to satisfy long-arm jurisdiction requirements. Under Section 673.403(2), Florida Statutes (1991), “an authorized representative who signs his own name to an instrument ... [ejxcept as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity.” Quite simply, Ma-gid is personally liable because he did not indicate the checks were signed in a representative capacity and because there is no evidence that the parties agreed Magid would not be personally liable. See Hind-Marsh v. Puglia, 665 So.2d 1091 (Fla. 3d DCA 1995); Serna v. Milanese, Inc., 643 So.2d 36 (Fla. 3d DCA 1994); Provecasa v. Gemini Associated Corp., 532 So.2d 1106 (Fla. 3d DCA 1988).
Second, there are sufficient minimum contacts to satisfy due process requirements. Magid delivered 140 checks to BBD in Miami over nearly a six-year period for $3,500,000 worth of merchandise which was delivered in Florida. Because Magid initiated and participated in a long-term relationship with a Florida corporation, he should reasonably have anticipated being sued in Florida for the failure to comply with his Florida obligations. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989).
Having chosen to do business in Florida for his own benefit, and having initiated continuing relationships and obligations with Florida residents, Magid cannot now be heard to complain that long-arm jurisdiction is improper. While Magid’s characterization of his participation as sitting idly by rocking on his front porch may have been convenient, it does not address his former active participation in the business transactions. Accordingly, it was reversible error for the trial court to dismiss BBD’s action against Magid.
Reversed.