696 So.2d 493 (1997)
Anthony G. KEHLE and Maria Martha Peralta, Appellants,
v.
Nancy G. MODANSKY, Appellee.
No. 96-3651.
District Court of Appeal of Florida, Fourth District.
July 2, 1997.
Timothy W. Gaskill of DeSantis, Gaskill, Smith & Shenkman, P.A., North Palm Beach, for appellants.
Michael J. Posner of Cooney Ward Lesher & Damon, P.A., West Palm Beach, for appellee.
STEVENSON, Judge.
We have for review a final summary judgment entered by the trial court in favor of *494 the appellee-seller on her two count complaint alleging (1) breach of a real estate contract, and (2) tender of a worthless check in violation of Florida Statutes section 832.07. We affirm in part and reverse in part.
Appellants, Anthony Kehle and Maria Peralta, agreed to purchase real property located in an upscale subdivision known as Frenchman's Creek for a purchase price of $1,200,000. Pursuant to the terms of the contract, appellants were to deliver a deposit in the amount of $120,000 prior to closing. The deposit check, which was signed by Kehle, was dishonored for insufficient funds, and by the time the date for closing arrived, appellants still did not have the agreed upon deposit money. Consequently, the closing never took place, and the seller brought the instant lawsuit. The trial court granted the seller's motion for summary judgment and awarded $120,000 as liquidated damages pursuant to the terms of the contract and $360,000 for treble damages as a result of appellant's tender of a worthless check pursuant to section 68.065, Florida Statutes.
Because there were no genuine issues of material fact and the matters of record showed that appellee was entitled to prevail as a matter of law,[1] we affirm the entry of summary judgment against both Kehle and Peralta on Count I (breach of contract) and against Kehle as to count II (worthless check). However, since section 68.065 makes no provision for suit against one other than the maker of the check or draft, the summary judgment entered against Peralta as to count II may not stand.
Kehle seeks to raise his alleged lack of knowledge that there were insufficient funds on deposit to cover the check as an affirmative defense. We find this purported affirmative defense insufficient to defeat the motion for summary judgment. While lack of knowledge is a statutory defense to a criminal charge of passing a worthless check, it is not a defense in the parallel civil worthless check statute. Compare § 832.05, Fla. Stat. (1995)(criminal action), with § 68.065, Fla. Stat. (1995)(civil action).
On appeal, buyers also raise a "waiver" defense based on their allegations that the seller's agent was told to hold the check until Kehle gave further notice that it would be honored by the bank. Because checks are negotiable instruments, payable on demand, the buyers' argument in this regard is more appropriately classified as a conditional delivery defense. See Ketchian v. Concannon, 435 So.2d 394 (Fla. 5th DCA 1983). However, both waiver and conditional delivery are affirmative defenses which must be raised in the pleadings, and in this case, they were not. See Fla. R. Civ. P. 1.110(d), 1.140(h). Therefore, the trial court did not err in granting summary judgment for the seller/payee in the instant case because the issues of waiver and conditional delivery were not properly raised.
However, even if properly raised, we would have serious doubts as to the applicability of the conditional delivery defense to the present worthless check action. According to Kehle's own affidavit, the check was not given to the seller subject to some condition precedent; rather, it was delivered as a deposit to bind the seller to the contract which it did. Therefore, having received the benefit of the check, the buyers may not now offer an oral agreement which would nullify the effects of that very written instrument. See Rivers v. Brown, 62 Fla. 258, 56 So. 553 (1911). As the court stated in Fannin v. Fritter ex rel. American Nat. Bank of Pensacola, 127 Fla. 97, 100, 172 So. 691, 693 (1937):
Here we have an attempt to introduce a collateral agreement to the effect that the maker [of a negotiable instrument] would never be called on to pay. We find no case in which that has been permitted.
We are not unsympathetic to the apparent harshness of a treble damages remedy when applied to a $120,000 deposit check. Nevertheless, the wisdom of such relief is a matter for the legislature to consider. Accordingly, *495 this cause is affirmed in part, reversed in part and remanded. On remand, the trial court is instructed to enter summary judgment in Peralta's favor as to count II. In all other respects, the judgment is affirmed.
DELL, J., and MUIR, CELESTE H., Associate Judge, concur.
NOTES
[1] We have carefully examined the six affirmative defenses raised by appellant, but conclude that none are both legally sufficient and factually supported so as to defeat appellant's entitlement to summary judgment.