796 So.2d 622 (2001)
Vincent MEDINA and Allied Transportation Resources, Inc., Appellants,
v.
James G. WYCHE, Appellee.
No. 3D00-3242.
District Court of Appeal of Florida, Third District.
September 26, 2001.
Richard B. Marx, Coconut Grove, and Frank Delaveras, for appellant.
Silverio & Hall, Naples, and Philip Mugavero, for appellee.
Before COPE and GODERICH JJ., and NESBITT, Senior Judge.
COPE, J.
Vincent Medina and Allied Transportation Resources, Inc. appeal a final judgment entered after non-jury trial. We affirm in part and reverse in part.
We affirm the judgment for rent, and double rent, pursuant to section 83.06, Florida Statutes, against Medina and Allied. There was conflicting evidence regarding the rent claims, and the trial court resolved the conflict. The judgment is supported by competent substantial evidence. See Perez v. Marti, 770 So.2d 284 (Fla. 3d DCA), review denied, 773 So.2d 56 (Fla.2000).
The trial court also entered judgment against Medina and Allied on account of a check for insufficient funds in the amount of $34,348. The check indicates on its face that it was written on the account *623 of First Delta Financial, a family corporation owned and controlled by Medina.[1]
Medina signed this check. His corporate title does not appear before his signature. Appellee James G. Wyche, the landlord, contended that Medina was personally liable because he signed the check without indicating his corporate capacity below his signature. Medina argues that he was not personally liable on account of having signed the check.
We conclude that Medina is not personally liable for the corporate check, which was written on September 9, 1998. Effective January 1, 1993, Florida adopted Revised Article 3 of the Uniform Commercial Code ("UCC"). Ch. 92-82, §§ 2, 60, 62, Laws of Fla. The revised statute provides, in part:
673.4021. Signature by representative
. . . .
(3) If a representative signs the name of the representative as drawer of a check without indication of the representative status and the check is payable from an account of the represented person who is identified on the check, the signer is not liable on the check if the signature is an authorized signature of the represented person.
§ 673.4021(3), Fla. Stat. (1997).
The official comment makes clear that the revision is intended to address the situation now before us:
3. Subsection [3] is directed at the check cases. It states that if the check identifies the represented person the agent who signs on the signature line does not have to indicate agency status. Virtually all checks used today are in personalized form which identify the person on whose account the check is drawn. In this case, nobody is deceived into thinking that the person signing the check is meant to be liable. This subsection is meant to overrule cases decided under former Article 3 such as Griffin v. Ellinger, 538 S.W.2d 97 (Texas 1976).[2]
19B Fla. Stat. Ann. 149 (1993).
This UCC modification "puts the Code's legal stamp of approval on the obvious intent of the transaction-that the company's check binds only the company, even if an agent signs in her own name." 2 James J. White and Robert S. Summers, Uniform Commercial Code § 16-5, at 86 (4th ed.1995); see 1 Patricia F. Fonseca and John R. Fonseca, The Law of Modern Commercial Practices § 6.56, at 6-104 (2d rev. ed.2000).[3]
The landlord relies on such cases as BBD Elec. Distribs., Inc. v. Magid, 673 So.2d 80 (Fla. 3d DCA 1996) and Hind-Marsh v. Puglia, 665 So.2d 1091 (Fla. 3d DCA 1995), but those cases involved checks written prior to January 1, 1993, *624 which was the effective date of the new UCC provision. Ch. 92-82, § 62, Laws of Fla. We therefore reverse the judgment of $34,348 against Medina individually.
It also appears that there is a clerical error in the judgment. The judgment entered against Allied includes this $34,348 amount, but the check was actually written on the account of First Delta, not Allied. The judgment against Allied must be corrected as well.
Affirmed in part, reversed in part, and remanded for entry of a corrected judgment.
NOTES
[1] First Delta was named as a defendant in this case, but is in bankruptcy. By virtue of the bankruptcy stay, no judgment was entered against First Delta.
[2] The Griffin decision held that where a corporate officer signed a check on a corporate account without indicating his corporate capacity, he was personally liable. 538 S.W.2d at 98.
[3] In the trial court Medina argued that there should be no personal liability imposed on him for signing the corporate check, but did not advance the specific UCC analysis we adopt. Because it is facially clear that there is no basis under the current UCC provision to impose personal liability on one who signs a corporate check, we treat the issue as constituting fundamental error. See Security Bank, N.A. v. BellSouth Advertising & Publishing Corp., 679 So.2d 795, 803 (Fla. 3d DCA 1996), approved, 698 So.2d 254, 256 (Fla. 1997).