837 So.2d 1059 (2002)
Albert D. LOBRILLO, Appellant,
v.
Thomas D. BROKKEN, D.V.M., et al., Appellees.
No. 3D01-1214.
District Court of Appeal of Florida, Third District.
December 26, 2002.
Rehearing Denied February 26, 2003.
*1060 Bunnell, Woulfe, Kirschbaum, Keller, McIntyre & Gregoire, Nancy W. Gregoire and Richard T. Woulfe, Fort Lauderdale, for appellant.
Kubicki Draper and Caryn L. Bellus, Miami, for appellees.
Before GODERICH and SHEVIN, JJ., and NESBITT, Senior Judge.
PER CURIAM.
The plaintiff below, Albert D. Lobrillo, appeals from an order granting final summary judgment in favor of Thomas D. Brokken, D.V.M., Louis A. Castro, D.V.M., Greg Bonenclark, D.V.M., and Tiegland, Franklin & Brokken, D.V.M.S., P.A. [collectively referred to as "veterinarians"]. We reverse and remand for further proceedings.
Lobrillo filed a malpractice suit against the veterinarians stemming from the treatment of Lobrillo's racehorse, Proud Sunset. The veterinarians answered the complaint raising several affirmative defenses, but did not raise the affirmative defense of statute of limitations. Lobrillo filed an amended complaint adding allegations that Tiegland, Franklin & Brokken, D.V.M.S., P.A. [TF & B] was vicariously liable for the acts of Dr. Bob Buell and Dr. Scott Hay. The answer to the amended complaint raised the affirmative defense of statute of limitations, but only as to Drs. Buell and Hay.
The veterinarians filed a motion for summary judgment arguing that the action was barred by the applicable statute of limitations. Lobrillo filed a Response in Opposition to Defendants' Motion for Summary Judgment asserting, in part, that the veterinarians failed to raise the affirmative defense in their answer, and therefore, they may not argue the defense in the motion for summary judgment. The court conducted a hearing on the motion for summary judgment, and granted the motion in favor of the veterinarians based on the statute of limitations. This appeal followed.
Lobrillo contends that the trial court erred by granting final summary judgment in favor of the veterinarians where the affirmative defense of statute of limitations was not raised in the answer. We agree.
Statute of limitations is an affirmative defense that must be specifically pled in the answer. See Fla. R. Civ. P. 1.110(d); Wolowitz v. Thoroughbred Motors, Inc., 765 So.2d 920, 923 (Fla. 2d DCA 2000); Kehle v. Modansky, 696 So.2d 493, *1061 494 (Fla. 4th DCA 1997); Sottile v. Gaines Constr. Co., 281 So.2d 558, 560 (Fla. 3d DCA 1973). Because the veterinarians did not plead the affirmative defense on their behalf, the trial court erred by considering the defense and by granting final summary judgment on that ground. Therefore, we reverse the order under review and remand to allow the veterinarians to move to amend their answer pursuant to Florida Rule of Civil Procedure 1.190 to assert the affirmative defense.
Based on the above disposition, we do not address the remaining issue raised by Lobrillo.
Reversed and remanded.