862 So.2d 785 (2003)
NOMO RESEARCH, INC., f/k/a Sea & Ski Corporation, Appellant,
v.
CCL PLASTIC PACKAGING, INC., Appellee.
No. 3D02-2255.
District Court of Appeal of Florida, Third District.
November 19, 2003.
Rehearing Denied January 9, 2004.
*786 Payton & Carlson and Harry A. Payton, Miami and Amy L. Koltnow, for appellant.
Weissman, Dervishi, Borgo & Nordlund and Jeffrey M. Weissman (Ft.Lauderdale), for appellee.
Before GREEN, FLETCHER, and WELLS, JJ.
FLETCHER, Judge.
Nomo Research, Inc. [Nomo] seeks to reverse an adverse final summary judgment. We reverse.
Nomo, a distributor of sun screen products, bought customized plastic tube containers from CCL Plastic Packaging, Inc. [CCL], a component manufacturer of containers and labels. The record reflects that Nomo and CCL had a business relationship that lasted several years. Sometime in 1998-99 printing irregularities and tube defects in CCL's product were brought to the attention of CCL by various Nomo distributors, and by Nomo itself. In 1999, the business relationship began to deteriorate when Nomo failed to make its scheduled payments, resulting in CCL's filling Nomo's purchase orders on a prepaid basis.
In February 2000, Nomo's past due balances were still unpaid, leading to CCL's suing Nomo on three counts: Count I Open Account; Count IIAccount Stated; Count IIIAction for Price of Undelivered Goods. Nomo summarily denied CCL's allegations and filed a counterclaim for defective and nonconforming goods, seeking damages for CCL's alleged breach of its agreement with Nomo as well as for breach of implied warranty of merchantability and implied warranty of fitness for a particular purpose. CCL moved for final summary judgment on all claims and counterclaims. After two hearings on the motion the trial court granted final summary judgment on all claims and counterclaims in CCL's favor.
We conclude that the trial court should not have granted CCL's motion. Summary judgment is only proper where *787 there are no genuine issues of material fact and where the moving party is entitled to a judgment as a matter of law. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000); Collections, USA, Inc. v. City of Homestead, 816 So.2d 1225 (Fla. 3d DCA 2002). If the slightest doubt exists, summary judgment must be reversed. See Cox v. CSX Intermodal, Inc., 732 So.2d 1092, 1095 (Fla. 1st DCA 1999) ("If the record reflects even the possibility of a material issue of fact, or if different inferences can be drawn reasonably from the facts, that doubt must be resolved against the moving party and summary judgment must be denied.").
An examination of the record reveals no shortage of genuine issues of material fact, rendering summary judgment inappropriate. For example, factual disputes remain concerning defects in the tubes CCL manufactured, the cause of the defects, whether Nomo provided timely and sufficient notice thereof to CCL,[1] and the nature of CCL's response. The efficacy and timeliness of notice, in particular, are issues that are rarely properly resolved on summary judgment. See Shaffran v. Holness, 93 So.2d 94 (Fla.1957).
Additionally, had the trial court found that Nomo failed to reject CCL's product or revoke acceptance and must therefore pay the balance due, that determination would not preclude a counterclaim or set-off for nonconforming goods. Thus, the trial court should not have entered summary judgment in CCL's favor regarding Nomo's claims for set-off.
As CCL did not show the absence of genuine issues of fact it was error for the court to enter the summary final judgment. The final summary judgment is reversed and the cause remanded to proceed to trial.
Reversed and remanded.
NOTES
[1] The evidence considered should have included the affidavit of Ms. Poitras, submitted by Nomo in opposition to CCL's motion for summary judgment, as it included testimony relevant to the issue of notice of defective product and CCL's response to that notice.