WELLS, Judge.
Big Bang Miami Entertainment, LLC and Carlos Ojeda appeal from denial of their Florida Rule of Civil Procedure 1.540 motion to set aside a default judgment claiming that the judgment is void. We affirm the order as to the judgment against Big Bang, but reverse as to the judgment against Ojeda.
In October of 2012, Big Bang borrowed a substantial sum from Ayman Moumina and executed a promissory note agreeing to repay the amount borrowed together with interest by December 3, 2012. The note was personally guaranteed by Ojeda.
On January 11, 2013, three checks were tendered to Moumina for the total amount of the principal and interest due under the note. All three checks were personalized checks bearing the name and address of the account holder:
BIG BANG MIAMI ENTERTAINMENT LLC
7900 HARBOR ISLAND DR., APT 1122
MIAMI, FL 33141
Each of the checks was signed by Carlos Ojeda, Big Bang’s CEO and president, but nowhere noted that he was signing in a representative capacity. All three checks were dishonored for insufficient funds.
In February 2013, Moumina filed a one count complaint seeking treble damages from both Big Bang and Ojeda for issuing the worthless checks.[1] See § 68.065(3)(a), Fla. Stat. (2013) (providing that the maker or drawer of a worthless check may be liable to the payee for the amount owing and “for damages of triple the amount so owing”). No claim to collect on the note or to enforce Ojeda’s personal guarantee was alleged. After Big Bang and Ojeda failed to respond to the complaint, judgment was entered against both Big Bang and Ojeda for the amount of the three checks plus triple that amount as provided by section 68.065. Four months later, both Big Bang and Ojeda sought to set aside the judgment, their 1.540 motion claiming the judgment was void. The motion was denied.
We find no merit in that claim as to Big Bang. Moumina stated a valid cause of action pursuant to section 68.065(3)(a), as to it. Section 673.4021 of the Florida Statutes provides that when an individual acting as the representative of another signs an instrument on behalf of the person or entity represented but fails to indicate that he or she is signing in a representative capacity, the represented person or entity is legally bound:
If a person acting, or purporting to act, as a representative signs an instrument by signing either the name of the represented person or the name of the signer, the represented person is bound by the signature to the same extent the represented person would be bound if the signature were on a simple contract. If the represented person is bound, the signature of the representative is the “authorized signature of the represented person” and the represented person is *1120 liable on the instrument, whether or not identified in the instrument.
§ 673.4021(1), Fla. Stat. (2013). Thus, Big Bang was bound when Ojeda signed the Big Bang check in his representative capacity. There is no question that Ojeda was authorized to execute documents on Big Bang’s behalf. The promissory note executed by Big Bang confirms this to be a fact since Ojeda signed that note as CEO and president on Big Bang’s behalf. The complaint filed below also confirms that Ojeda signed only in a representative capacity, stating that he “executed three separate written orders in the name of Big Bang.” And, the face of the checks signed by Ojeda clearly show that the account on which they were drawn belonged to Big Bang. Thus, as a matter of law, Big Bang was legally liable for these checks.
Ojeda did not, however, bind himself by his signature on the Big Bang check. As this court in Medina v. Wyche, 796 So.2d 622, 623 (Fla. 3DCA 2001), explained, the purpose of section 673.4021, is to confirm that a company’s check binds only the company, even if the company’s agent signs in his or her own name:
The official comment [to Revised Article 3 of the Uniform Commercial Code, Chapter 92-82, sections 2, 60, and 62 of the Laws of Florida) was] intended to address the situation now before us:
3. Subsection [3] is directed at the check cases. It states that if the check identifies the represented person the agent who signs on the signature line does not have to indicate agency status. Virtually all checks used today are in personalized form which identify the person on whose account the check is drawn. In this case, nobody is deceived into thinking that the person signing the check is meant to be liable. This subsection is meant to overrule cases decided under former Article 3 such as Griffin v. Ellinger, 538 S.W.2d 97 (Texas 1976) [ (holding that where a corporate officer signs a check on a corporate account without indicating his corporate capacity, he was personally liable) ].
19B Fla. Stat. Ann. 149 (1993).
This UCC modification “puts the Code’s legal stamp of approval on the obvious intent of the transaction-that the company’s check binds only the company, even if an agent signs in her own name.”
(Footnote and citations omitted).
As we have previous held, “[a] default judgment should be set aside where the complaint on its face fails to state a cause of action.” Becerra v. Equity Imports, Inc., 551 So.2d 486, 488 (Fla. 3d DCA 1989); see Sunshine Sec. & Detective Agency v. Wells Fargo Armored Services Corp., 496 So.2d 246, 246 (Fla. 3d DCA 1986) (“[T]he law is well-settled that a default judgment may not be entered against a defendant on a complaint which wholly fails to state a cause of action against the said defendant. See North American Accident Insurance Co. v. Moreland, 60 Fla. 153, 53 So. 635 (1910); Fernandez-Aguirre v. Gall, 484 So.2d 1286 (Fla. 3d DCA 1986); Bay Products Corp. v. Winters, 341 So.2d 240 (Fla. 3d DCA 1976); GAC Corp. v. Beach, 308 So.2d 550 (Fla. 2d DCA 1975).”).
That is exactly what occurred as to Ojeda, in this case. Because no claim to collect on the note or to enforce Ojeda’s personal guarantee was alleged, but only a claim for Ojeda’s personal liability on the check-a claim on which Moumina could not recover, Ojeda’s 1.540 motion to set aside a default judgment should have been granted. A default judgment:
Operates as an admission of the truth of the well pleaded allegations of the *1121 pleading .... It does not admit facts not pleaded, not properly pleaded or conclusions of law. Fair inferences will be made from the pleadings, but forced inference will not be made. The party seeking affirmative relief may not be granted relief that is not supposed by the pleadings or by substantive law applicable to the pleadings. A party in default may rely on these limitations.
Bank of N.Y. Mellon v. Reyes, 126 So.3d 304, 307 (Fla. 3d DCA 2013) (quoting Bd. of Regents v. Stinson-Head, Inc., 504 So.2d 1374, 1375 (Fla. 4th DCA 1987) (quoting H. Trawick, Trawick’s Florida Practice and Procedure § 25-4 (1986 ed.))); see also Ginsberg v. Lennar Fla. Holdings, Inc., 645 So.2d 490, 493 (Fla. 3d DCA 1994). This is so, because where a default is involved, no proof is required; thus, the allegations of the complaint must establish an entitlement to relief against the defaulting defendant.
A default admits liability as claimed in the pleading by the party seeking affirmative relief against the party in default. It operates as an admission of the truth of the well pleaded allegations of the pleading, except those concerning damages. It does not admit facts not pleaded, not properly pleaded or conclusions of law. Fair inferences will be made from the pleadings, but forced inference will not. The party seeking affirmative relief may not be granted relief that is not supported by the pleadings or by substantive law applicable to the pleading. A party in default may rely on these limitations.
Failure to state a cause of action, unlike formal or technical deficiencies, is a fatal pleading deficiency not curable by a default judgment. The reason why a pleading deficiency is not cured by a default judgment — formerly a decree pro confesso — is that in such cases the introduction of proof is not required, and even if the allegations were accepted as true, the plaintiff would not have made a case upon which relief could be granted.
Becerra, 551 So.2d at 488 (citations omitted) (emphasis added); Ginsberg, 645 So.2d at 493-94 (same). Accordingly we affirm the order denying the Rule 1.540 motion as to Big Bang, but reverse that order as to Ojeda.
Affirmed in part, reversed in part.[2]

. Before bringing suit, Moumina provided the notice required to Big Bang and Ojeda as required by section 68.065 of the Florida Statutes alerting them that they had thirty days in which to make good on the checks. See § 68.065(4), Fla. Stat. (2013) (providing in part that "[bjefore recovery under subsection (3) may be claimed, a written demand must be delivered by certified or registered mail, evidenced by return receipt, or by first-class mail, evidenced by an affidavit of service of mail, to the maker or drawer of the payment instrument to the address on the instrument, to the address given by the drawer at the time the instrument was issued, or to the drawer’s last known address"). The notice was ignored.

. While we recognize that in Condominium Ass’n of La Mer Estates, Inc. v. Bank of New York Mellon Corp., 137 So.3d 396, 2014 WL 620238 (Fla. 4th DCA Feb. 19, 2014), our sister court recently concluded that the fact that a quiet title complaint failed to state a cause of action rendered the default judgment entered against it voidable, rather than void, and that court receded from Rhodes v. O. Turner & Co., 117 So.3d 872, 875 (Fla. 4th DCA 2013); Neuteleers v. Patio Homeowners Ass’n, 114 So.3d 299, 301 (Fla. 4th DCA 2013) and Lee & Sakahara Assocs., AIA, Inc. v. Boykin Mgmt. Co., 678 So.2d 394, 396 (Fla. 4th DCA 1996), on the reasoning outlined in Becerra, we cannot agree with our sister court’s change in thinking.