# Third District Court of Appeal

## State of Florida

Opinion filed November 18, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-1989
Lower Tribunal No. 17-2026
_____

**BEO Management Corp., et al.,**
Appellants,

vs.

**Jorge M. Caballe Horta, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Law Office of Douglas D. Stratton, P.A., and Douglas D. Stratton, for appellants.

Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado, LLP, and Carlos A. Garcia Perez, for appellees.

Before LOGUE, SCALES and LINDSEY, JJ.

SCALES, J.

Appellants, defendants below, BEO Management Corporation ("BEO") and Marlon Mejia (a.k.a. Brian Mejia) appeal a September 2, 2020 Summary Final Judgment entered in favor of appellees, plaintiffs below, Jorge Caballe Horta and Experience Gourmet Corporation ("Experience"). The trial court's summary judgment concluded that: (i) Caballe Horta is entitled to treble damages for a dishonored check issued by BEO to guarantee an obligation of a related entity, Cuzco Brickell Cocina Peruana, Inc. ("Cuzco"); (ii) Experience is entitled to damages from Cuzco due to Cuzco's failure to pay the balance of a promissory note; and (iii) the corporate veils of both Cuzco and BEO should be pierced so that Mejia is jointly and severally liable for the judgment against BEO and Cuzco.

We affirm the trial court's ruling as to BEO's liability for treble damages for the dishonored check, but we reverse as to its conclusion that the corporations' corporate veil should be pierced so that Mejia would be jointly and severally liable for the judgment against the two corporations. Cuzco did not appeal the judgment and is not a party to this appeal.

## I. Background

Cuzco and Experience entered into a "Contract for Sale and Purchase of Business" whereby Cuzco purchased a Miami restaurant for $750,000 from Experience. At closing, Cuzco paid Experience $400,000 of the purchase price. Mejia, on behalf of Cuzco, executed a promissory note for $380,000, representing

2

the balance of the purchase price plus a $30,000 security deposit. The promissory note required Cuzco to make one balloon payment on the first anniversary of the note, December 16, 2015.

At the closing, the President of Experience, Jose Luis Gomez Araniz, demanded of Mejia a guaranty of Cuzco's note payment obligations, though such a guaranty had not been negotiated and memorialized in the contract between the parties. Instead of giving a personal guaranty, Mejia signed a post-dated check on the account of BEO, a management company controlled by Mejia. BEO's post-dated check, in the amount of $380,000, was made payable to Experience's principal, Cabelle Horta. BEO's check was post-dated December 16, 2015, the same date Cuzco's balloon payment under the promissory note was to become due. Apparently, Experience was satisfied with BEO's accommodation and closed on the transaction.

Cuzco failed to make the balloon payment by the promissory note's due date, so Caballe Horta sought to cash BEO's post-dated check. BEO's check bounced due to insufficient funds in BEO's account.

Experience and Caballe Horta then filed a three-count complaint against Cuzco, BEO and Mejia. The complaint sought: (i) treble damages against BEO for issuance of a worthless check, pursuant to section 68.065 of the Florida Statutes; (ii) to pierce the corporate veils of BEO and Cuzco in order to hold Mejia personally

3

liable for BEO's worthless check and Cuzco's promissory note default; and (iii) $380,000 in damages against Cuzco for failing to pay the promissory note.

After conducting limited discovery, Experience and Caballe Horta moved for final summary judgment on all of their claims, and on July 15, 2019, the trial court entered an order granting their summary judgment motion. BEO and Mejia sought appellate review of this order, but, because the July 15th order did not contain the requisite indicia of finality, we relinquished jurisdiction to allow the trial court to enter a final, appealable judgment.[1]

The appealed judgment awards Caballe Horta the total amount of $1,520,000 against BEO for the bad check count; and the judgment awards Experience $691,428.22 against Cuzco for its default under the promissory note.[2] The judgment also pierces the corporate veils of both Cuzco and BEO, so that Mejia is jointly and severally liable for the judgments against BEO and Cuzco. BEO and Mejia appeal the summary judgment. As mentioned above, Cuzco does not appeal the judgment.

## II. Analysis[3]

A. *Worthless Check – BEO's Appeal*

---

[1] See Florida Rule of Appellate Procedure 9.110(l).

[2] This judgment amount includes interest and late fees in addition to the $380,000 principal amount of the note.

[3] We review *de novo* the trial court's summary judgment. Gidwani v. Roberts, 248 So. 3d 203, 206 (Fla. 3d DCA 2018).

4

BEO issued Caballe Horta a post-dated check that was returned because there were insufficient funds in BEO's account. On appeal, BEO argues that neither BEO nor Caballe Horta were parties to the purchase of the restaurant, that Caballe Horta gave no consideration for the check, and that BEO lacked an intent to defraud Caballe Horta at the time the check was issued.

A check, though, is a negotiable instrument payable on demand. Kehle v. Modansky, 696 So. 2d 493, 494 (Fla. 4th DCA 1997). BEO identifies nothing in the record that would qualify its obligation to honor the check. Caballe Horta, the payee, presented BEO's check for payment, and payment was declined because BEO's account did not have sufficient funds. Section 68.065(3)(a) of the Florida Statutes (2015) provides for the payment of the face amount of a worthless check, plus treble damages. See NASR Int'l Trading Co. v. Rahul Int'l Inc., 675 So. 2d 704, 705 (Fla. 3d DCA 1996). Accordingly, on this record, the trial court properly entered judgment against BEO, the check's maker.

B. *Piercing the Corporate Veil – Mejia's Appeal*

In granting summary judgment to Experience and Caballe Horta, the trial court pierced Cuzco's corporate veil to hold Mejia liable for Cuzco's promissory note default. The trial court also pierced BEO's corporate veil to hold Mejia liable for BEO's worthless check. It is undisputed that Mejia signed both the note and check as a corporate representative of each corporation. See § 673.4021, Fla. Stat.

5

(2015). Unless the veils of the corporations are pierced, Mejia generally would not be personally liable on either instrument. See Medina v. Wyche, 796 So. 2d 622, 623 (Fla. 3d DCA 2001).

To be entitled to summary judgment on the corporate veil issue, Experience and Caballe Horta were required to establish that no genuine issue of material fact existed, and further that: (i) Mejia dominated and controlled Cuzco and BEO to such an extent that the corporations' independent existence was non-existent and Mejia was an alter-ego of the entities; (ii) the corporate form of Cuzco and BEO was used fraudulently or for an improper purpose; and (iii) the alleged fraudulent or improper use of the corporate form caused injury to Experience and Caballe Horta. Gasparini v. Pordomingo, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008).

The summary judgment evidence relied upon by Experience and Caballe Horta emphasized only a portion of the first factor of Gasparini's "pierce the veil" test: that Mejia dominated and controlled Cuzco and BEO. Experience and Caballe Horta provided evidence that Mejia commingled BEO and Cuzco corporate funds and assets, and he directed some corporate funds, particularly from BEO, to his personal use. Their summary judgment evidence, however, fails to establish, as a matter of law, that the entities had no existence independent of Mejia. Even when a corporation is an alter ego of a sole or dominant shareholder, such as Mejia appears to be here, "the corporate veil cannot be pierced so long as the corporation's separate

6

identity was lawfully maintained." Lipsig v. Ramlawi, 760 So. 2d 170, 187 (Fla. 3d DCA 2000).

Further, Experience and Caballe Horta's allegation that Mejia used his corporations either fraudulently or for an improper purpose is based superficially on the premise that Cuzco did not pay the promissory note and BEO issued a worthless check. Our review of the summary judgment record reveals no evidence that Mejia used his corporations fraudulently or for an improper purpose, either when Cuzco executed the contract or when BEO delivered the post-dated check at closing. Gasparini, 972 So 2d at 1055.

First, there is no allegation or evidence that Cuzco or Mejia had a fraudulent or improper purpose at the time the parties executed the Contract for Sale and Purchase of Business; thus, there is no evidence that Experience was misled into contracting with Cuzco. Indeed, at closing, consistent with its contractual obligation, Cuzco, a corporation in good standing, paid $400,000 to Experience for the restaurant, and BEO, a corporation in good standing, issued to Experience's principal a post-dated check to secure Cuzco's payment obligation. Second, there is no allegation or evidence that, when Mejia signed the post-dated $380,000 check on BEO's account, he knew that a year later (i) Cuzco would default on its balloon payment, *and* (ii) BEO would have insufficient funds in BEO's bank account to satisfy Cuzco's promissory note obligation.

7

Finally, there is no allegation or evidence that establishes a nexus between Mejia's operations of Cuzco and BEO and the respective injuries to Experience and Caballe Horta. Proof of this nexus is required by Gasparini's third factor. Id. The evidence suggests that, at closing, Experience contemplated the possibility of Cuzco defaulting on its note obligation. Rather than obtaining a personal guaranty from Mejia, Experience obtained BEO's post-dated check to Caballe Horta as a form of guaranty. Apparently, Experience was satisfied with this accommodation and proceeded with the transaction. At this stage of the proceedings, given our *de novo* review of the summary judgment evidence, we are unable to conclude, as a matter of law, that Experience and Caballe Horta's financial injuries were caused by a fraudulent or improper use of Cuzco and BEO's corporate forms, as opposed to the two entities simply defaulting on their respective commercial obligations.

The summary judgment record demonstrates that Experience and Caballe Horta did not satisfy all three Gasparini factors. Id. Experience and Caballe Horta did not meet their summary judgment burden to establish, as a matter of law, that Mejia misused BEO and Cuzco to the point that they lost their independent existences, that Mejia used these two corporations for a fraudulent or improper purpose in the disputed transaction, or that their injuries were caused by such fraudulent or improper purpose. Summary judgment is inappropriate if the movant

8

has not established each element of its cause of action. See Orozco v. McCormick 105, LLC, 276 So. 3d 932, 935 (Fla. 3d DCA 2019).

### III. Conclusion

We affirm the judgment as to BEO. We conclude, based on our *de novo* review of the summary judgment record, that the trial court erred in determining that, as a matter of law, the evidence was sufficient to pierce the corporate veils of Cuzco and BEO so that Mejia would be jointly and severally liable for the judgments against Cuzco and BEO.

Affirmed in part; reversed in part.