# Third District Court of Appeal
## State of Florida

Opinion filed August 3, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1126
Lower Tribunal No. 15-30190
_____

**Elizabeth Nesbitt,**
Appellant,

vs.

**SafePoint Insurance Company,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Giasi Law, P.A., and Melissa A. Giasi, and Erin M. Berger (Tampa), for appellant.

Bickford & Chidnese, LLP, and Frieda C. Lindroth, and Patrick M. Chidnese (Tampa), for appellee.

Before SCALES, MILLER, and LOBREE, JJ.

PER CURIAM.

Appellant, Elizabeth Nesbitt, challenges a final order granting summary judgment in favor of appellee, SafePoint Insurance Company, in her first-party property insurance lawsuit.[1]  Irrespective of whether the grant of summary judgment on an unpled affirmative defense was error, factual issues surrounding the insured's compliance, or lack thereof, with post-loss obligations and the ensuing prejudice precluded the entry of summary judgment.[2]  See Lobrillo v. Brokken, 837 So. 2d 1059, 1061 (Fla. 3d DCA 2002); Nomo Rsch., Inc. v. CCL Plastic Packaging, Inc., 862 So. 2d 785, 787 (Fla. 3d DCA 2003); Stark v. State Farm Fla. Ins. Co., 95 So. 3d 285, 288 (Fla. 4th DCA 2012); Gonzalez v. U.S. Fid. & Guar. Co., 441 So. 2d 681, 681 (Fla. 3d DCA 1983).  Accordingly, we reverse and remand for further proceedings.

Reversed and remanded.

---

[1] We review the case under Florida's old summary judgment standard.  See Guzman v. S. Fid. Ins. Co., 332 So. 3d 67, 70 n.2 (Fla. 2d DCA 2021) (noting that the new summary judgment standard "does not apply to judgments entered before its effective date of May 1, 2021").

[2] We reject appellee's contention that the alleged six-month delay in reporting the loss serves as an alternative basis for affirmance.  See Sousa v. Zuni Transp., Inc., 286 So. 3d 820, 822 (Fla. 3d DCA 2019) (alteration in original) (quoting Mitchell v. Higgs, 61 So. 3d 1152, 1155 n.3 (Fla. 3d DCA 2011)) ("Even if the record on appeal were to support an affirmance on these alternative grounds—an issue about which we express no opinion—it is well-settled that '[t]he [t]ipsy [c]oachman doctrine does not apply to grounds not raised in a motion for summary judgment . . . .'").