# Third District Court of Appeal

## State of Florida

Opinion filed February 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0957
Lower Tribunal No. F03-5785A
_____


**Eddie Edwin Gaitor,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Ramiro C. Areces, Judge.

Eddie Edwin Gaitor, in proper person.

John Guard, Acting Attorney General, and Yolande M. Samerson, Assistant Attorney General, for appellee.


Before FERNANDEZ, BOKOR and GOODEN, JJ.

PER CURIAM.

Eddie Edwin Gaitor, appearing in proper person, seeks return of personal property seized by the Miami-Dade County Police Department upon his arrest in February 2003. Gaitor was arrested, charged, and convicted of second-degree murder with a firearm, with his conviction becoming final upon this court's affirmance of the conviction and issuance of the resulting mandate in June 2009. Gaitor correctly notes that the initial motion for return of property was improperly sent to the police department in December 2007, instead of filed in the trial court. The first time Gaitor filed anything with the trial court was an "amended motion for return of personal property" mailed from the correctional institution to the trial court in late March 2024.

There appears to be little doubt, even by Gaitor himself, that he sought relief outside the four-year statute of limitations. See § 95.11(3)(h), Fla. Stat. (setting forth four-year limitation on an action seeking "to recover specific personal property"). The trial court, without a hearing or response by the State raising a statute of limitations defense,[1] summarily denied Gaitor's

---

[1] See, e.g., Lobrillo v. Brokken, 837 So. 2d 1059, 1060–61 (Fla. 3d DCA 2002) ("Statute of limitations is an affirmative defense that must be specifically pled in the answer. Because the veterinarians did not plead the affirmative defense on their behalf, the trial court erred by considering the defense and by granting final summary judgment on that ground." (citations omitted)); Gen. Motors Acceptance Corp. v. Thornberry, 629 So. 2d 292, 293 (Fla. 3d DCA 1993) ("Where, as here, the statute of limitations defense

motion in an unelaborated order with no attachments or references to relevant portions of the record. Because the motion to return the property was facially sufficient, the trial court should have "order[ed] the State to respond by citing applicable case law and attaching portions of the record to refute the defendant's contention that the property should be returned, after which the motion may be summarily denied. . . . In the alternative, the trial court may hold an evidentiary hearing." Bolden v. State, 875 So. 2d 780, 782 (Fla. 2d DCA 2004) (explaining that "the applicable procedure is similar to the procedure for the consideration of a motion for postconviction relief").

We are therefore compelled to reverse and remand to permit the trial court either to direct the State to respond or to set an evidentiary hearing, as appropriate. See id.; see also Fla. R. Crim. P. 3.850(f)(6) ("The answer shall respond to the allegations contained in the defendant's sufficiently pleaded claims, [and] describe any matters in avoidance of the sufficiently pleaded claims . . . .").

Reversed and remanded for further proceedings.

---

appears on the face of the complaint, it is permissible to assert the statute of limitations defense by motion to dismiss.").