WARNER, J.
In this action for injunctive relief to compel compliance with insurance purchase provisions of a declaration and protective covenants of a homeowners association, the trial court denied appellants’ motion for relief from final judgment. The appellants claimed that the complaint failed to state a cause of action, and, therefore, the judgment is void and should have been vacated. We 'affirm, as the complaint stated a cause of action on its face.
The appellee, Patio Homeowners Association (“Association”), filed a complaint for injunctive relief and other relief against appellants, Danielle Neuteleers and Ariel Silberschatz. The complaint alleged that the declaration and protective covenants for the Association requires proof of property and hazard insurance for all customers of the Association, and that appellants had accordingly failed to provide a copy of said insurance. The Association sought an injunction to compel the appellants to provide proof of insurance, and also sought attorney’s fees and costs in connection with bringing the complaint. A copy of the declaration and its terms was not attached to the complaint. Only the provision requiring insurance was reproduced in the complaint.
Appellant Silberschatz filed an answer to the complaint, but appellant Neuteleers did not and was defaulted. The Association moved for summary judgment, and appellants filed no affidavits or papers in opposition. The trial court entered final summary judgment against both appellants, enjoining them from their continued violation of the insurance provisions and compelling them to provide proof of insurance to the Association.
Nine months later, the Association’s president filed an affidavit stating that the appellants had failed to comply with the terms of the final judgment by providing proof of insurance. Nearly a year after the final judgment was entered, the appellants moved to vacate the final judgment on the grounds that it failed to state a cause of action, that the Association did *301 not have authority to bring the action, and that the Association was violating the declarations by failing to provide notice to the appellants prior to filing suit. The Association moved to strike the motion, and the matter was set for hearing. The trial court denied the motion to vacate the final judgment and subsequently entered an order assessing attorney’s fees against the appellants. These orders are the subject of this appeal.
Failure to state a cause of action may be fatal to a complaint and render void a default final judgment based upon the complaint. Lee & Sakahara Assocs., AIA, Inc. v. Boykin Mgmt. Co., 678 So.2d 394, 396 (Fla. 4th DCA 1996); Becerra v. Equity Imports, Inc., 551 So.2d 486, 488 (Fla. 3d DCA 1989). In this case, however, appellant Silberschatz filed an answer to the complaint and failed to raise failure to state a cause of action either in the answer or at any time prior to final judgment. Thus, he has waived this defense. See Fla. R. Civ. P. 1.140(h)(1) & (2); Nationwide Mut. Fire Ins. Co. v. Vosburgh, 480 So.2d 140, 146 (Fla. 4th DCA 1985), receded from on other grounds, Special v. Baux, 79 So.3d 755 (Fla. 4th DCA 2011). He is not entitled to relief from final judgment on the ground that the complaint failed to state a cause of action.
On the other hand, appellant Neuteleers was defaulted, and courts have granted relief from a judgment on the grounds that the complaint failed to state a cause of action as rendering a judgment void as against a defaulted defendant. See Lee & Sakahara; Becerra. Neuteleers claims that the complaint failed to state a cause of action in this case, because it failed to allege compliance with all conditions precedent. She points to a provision in the declaration requiring the association to purchase insurance and charge the owner when the owner refuses to purchase it, but the declaration was not attached to the complaint. A complaint fails to state a cause of action when the defect or facts defeating the claim appear on the face of the complaint. See Hawkins v. Williams, 200 So.2d 800, 802 (Fla.1967). In this case, the complaint on its face stated a cause of action for an injunction to compel compliance with the provisions of the declaration cited in the complaint.
Moreover, section 720.305(l)(b), Florida Statutes, provides that “[ajctions at law or in equity, or both, to redress alleged failure or refusal to comply with these provisions may be brought by the association ... against: ... (b) A member[.]” Thus, there is authority for the Association to bring an equitable action to enforce the declarations, and nothing in the record provides that purchase of insurance for the owner by the Association is the exclusive remedy where an insured fails to provide proof of insurance.
Appellant Neuteleers also claims that the complaint failed to state a cause of action for equitable relief of injunction, because the Association had an adequate remedy at law, citing Alorda v. Sutton Place Homeowners Association, Inc., 82 So.3d 1077 (Fla. 2d DCA 2012). The facts of Alorda are remarkably similar to this case, as both involve an association attempting to obtain an injunction to require proof of insurance coverage of an owner when the declarations contained a provision authorizing the association to place insurance on the owner’s unit and charge the owner for the insurance. The court held that the association had failed to state a cause of action for injunctive relief, because “by its own pleadings,” to which the declaration of the association was attached, the association had an adequate remedy at law to purchase the insurance and charge the owner. In this case, however, the declaration was not attached to the com *302 plaint, and it was not raised in any pleading. As such, the complaint stated a cause of action, and appellants should have raised the provision allowing the Association to purchase the insurance in an answer to the complaint. It is not a ground to vacate a properly entered summary judgment where none of these issues appeared on the face of the complaint or in the record before the trial court at final summary judgment.
As another issue, appellants complain that they did not receive proper notice that their motion for relief from judgment would be heard, and it does appear that them motion was not noticed for hearing. The Association’s motion to strike their motion was noticed, and the substance of that motion was a defense against the motion itself. There is no transcript of hearing, and it appears that the court heard argument of counsel and denied the appellants’ motion while determining that the motion to strike was therefore moot. From this, it appears that the parties argued both motions, but in any event without a record which would show whether an objection was made on the ground of lack of notice, we cannot reverse on this issue. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979).
Finally, we affirm the order granting attorney’s fees. While appellants claim that it imposes a lien against their homestead property, there is nothing in the record to prove that this is the appellants’ homestead. It appears that this claim is being raised for the first time on appeal. More importantly, no lien as yet has been created, as the court merely reserved jurisdiction “to enter further orders that are proper to affect a lien upon the real property owned by Ariel Silberschatz and Danielle Neuteleers including the subject real property....” Therefore, appellants will be entitled to raise their homestead claim, if viable, if and when the Association seeks to impose a claim of lien on appellants’ property.

Affirmed.

CIKLIN, J„ and BLANC, PETER, Associate Judge, concur.