DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JUSTIN MOONEY** and **KATARINA A. KORRAY,**
Appellants,

v.

**COLOR LE PALAIS OF BOYNTON BEACH HOMEOWNERS
ASSOCIATION, INC.,**
Appellee.

Nos. 4D2024-0967 & 2024-2082

[August 27, 2025]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Carolyn R. Bell, Judge; L.T. Case No. 502023CA010515.

Erin Pogue Newell of Open Book Appeals, Fort Lauderdale, for appellants.

Michele K. Feinzig of Michele K. Feinzig, P.A., Coral Springs, and Scott J. Lee of SJW Law Group, PLLC, Wellington, for appellee.

GROSS, J.

The central issue in this case is whether a homeowners association seeking an injunction to correct a violation of a restrictive covenant must plead and prove that there is irreparable harm and no adequate remedy at law. Based on almost a century of Florida law and the applicable Florida statute, we hold that there is no such requirement. We certify conflict with two cases from other districts holding otherwise.

### *Background and Declaration*

Justin Mooney and Katarina Korray ("Homeowners") appeal from (1) a final judgment entered in favor of appellee Colors le Palais of Boynton Beach Homeowners Association, Inc. ("Association") after the Homeowners voluntarily brought their property into compliance with the Association's demands during the pendency of the litigation, and (2) a final judgment awarding the Association prevailing party attorney's fees and costs in the amount of $40,029.33.

The Homeowners own property located within the Association and are subject to the Association's Declaration. The Declaration states that an owner "shall maintain and care for any lawns which are encompassed within the Lot," and that "[a]ll lawns shall be maintained free from unsightly bald spots or dead grass and uniform in texture and appearance with surrounding lawns in the Community."

The Declaration provides that "[i]f an Owner fails to comply with the foregoing provisions of this Section 2, the Association may proceed in court to enjoin compliance with them."

The Declaration also grants the Association the following self-help remedy: "If a failure to comply with the provisions of this Section 2 relates to the Owner's obligation to maintain the Dwelling Unit, lawn and landscaping, then, in addition to the exercise of all other remedies, the Association shall have the right to secure those services necessary to correct such failure to comply and to impose the cost of such corrective action upon the noncomplying Unit Owner[.]" Additionally, the Declaration provides that "[s]uch costs shall be treated as an Assessment subject to the provisions for the collection of Assessments as otherwise set forth herein."

Other provisions of the Declaration state that such assessments "shall be a continuing lien upon" the assessed lot, and that the Association "may bring an action in its name to foreclose any lien" on a lot.

### *The Dispute*

The Homeowners covered most of their front yard with mulch and planted over 135 plants in the yard within the mulched area. The Homeowners acknowledged that they "removed nearly all lawn/groundcover from the front yard of their property" and "sheet mulched their entire front lawn."

The Association sent "numerous notices" to the Homeowners "regarding the need to replace their mulch lawn with acceptable sod," but the Homeowners refused to do so. The Association sent the Homeowners a Statutory Demand to Participate in Pre-Suit Mediation. Among other things, the Association alleged: "To date, your lawn remains covered in unsightly mulch and your sod has not been repaired or replaced as previously demanded."

The Homeowners refused to participate in mediation unless the Association agreed to pay all costs, which the Association declined to do.

2

### The Pleadings

The Association sued the Homeowners in a two-count complaint for injunctive relief and breach of contract, alleging that the Homeowners "violated the Association's Declaration by covering their lawn in unsightly mulch rather than replacing the lawn with grass/sod as requested by the Association, and as outlined in the Association's Declaration, along with failing to receive approval from the Association for such alteration." The complaint further alleged that, during wind events, the Homeowners' "mulch lawn" had "been blown and strewn around neighboring properties along with the common areas of the community," at times blocking storm drains and causing flooding.

The complaint specifically alleged that "[w]hile the usual pleading requirements for injunctive relief [i.e., no adequate remedy at law and irreparable harm] are not required of Chapter 720 or restrictive covenants governing real property, nonetheless they are present here." The complaint further stated that the Association was without an adequate remedy at law, that the Association was suffering irreparable harm, and that an injunction would serve the public interest.

Both counts requested that the trial court "[g]rant a mandatory injunction against [the Homeowners] directing them to immediately repair/replace their unsightly 'mulch lawn' with healthy grass/sod of a similar texture and color to those of neighboring properties within the [Association] community . . . ." A complete copy of the Declaration was attached to the complaint.

In the Homeowners' operative amended answer, they denied the Association's allegations that the Association had met the pleading requirements necessary to state a claim for injunctive relief under chapter 720 and that the Association was "without an adequate remedy at law and [was] suffering irreparable harm."

### Summary Judgment Proceedings and Final Judgment

Both sides moved for summary judgment, addressing the issues covered in this opinion about the Association's entitlement to injunctive relief.

The Homeowners argued that the Association's complaint was deficient because the Declaration provided for self-help, which was an adequate remedy at law. The Association responded that the absence of an adequate

3

remedy at law and irreparable harm was not a prerequisite to its ability to obtain an injunction.

The Association further argued that the Homeowners' voluntary compliance with the Association's landscape demands after litigation had commenced was the functional equivalent of a judgment in the Association's favor, entitling the Association to an award of attorney's fees and costs as the prevailing party.

In response, the Homeowners acknowledged that their compliance with the Association's landscape demands had rendered the case moot, but they argued that the proper remedy was dismissal.

The Homeowners also contended that the Association could not be the prevailing party due to its failure to state a claim, as the Declaration provided the Association with an adequate remedy at law.

The trial court granted the Association's motion for summary judgment and denied the Homeowners' motion for summary judgment. The court ruled that the case was "moot due to [the Homeowners'] voluntary compliance with the requested relief set forth in [the Association's] Complaint after the filing of [the Association's] Complaint."

The court further found that, pursuant to the Declaration, the Association "had the option to either seek injunctive relief in this matter or to remedy the violation at their own expense and to impose the cost of such corrective action upon [the Homeowners]." The court added: "Because [the Association] had the option to seek injunctive relief, the Court finds injunctive relief was an available remedy to [the Association] and that [the Association] did not have an adequate remedy at law." Finally, the court determined that the Association was the prevailing party in the action.

The trial court entered a final judgment in favor of the Association on the merits. The court also entered a final fee judgment awarding the Association prevailing party attorney's fees and costs in the agreed amount of $40,029.33, with the Homeowners reserving the right to appeal as to entitlement only. The Homeowners appealed both judgments.

### *The Association's Complaint Stated a Cause of Action for Injunctive Relief*

The trial court's ruling is supported by longstanding decisional law. The Association's complaint properly stated a cause of action for injunctive

4

relief to enforce a restrictive covenant because the Association was not required to establish irreparable harm or an inadequate remedy at law. Moreover, the Declaration itself provided for self-help as an alternative "in addition to the exercise of all other remedies."

Traditionally, a party seeking an injunction must establish: (1) a clear legal right; (2) irreparable harm; (3) no adequate remedy at law; (4) consideration of the public interest. *Hiles v. Auto Bahn Fed'n, Inc.*, 498 So. 2d 997, 998 (Fla. 4th DCA 1986).

However, violations of restrictive covenants on the use of real estate have long justified a departure from the general rule.

As Justice Canady wrote when he served on the Second District, "Florida law has long recognized that injunctive relief is available to remedy the violation of a restrictive covenant without a showing that the violation has caused an irreparable injury—that is, an injury for which there is no adequate remedy at law."[1] *Autozone Stores, Inc. v. Ne. Plaza Venture, LLC.*, 934 So. 2d 670, 673 (Fla. 2d DCA 2006).

Nearly a century ago, in *Stephl v. Moore*, 114 So. 455, 455 (Fla. 1927), the Florida Supreme Court rejected the argument that the plaintiff's failure to allege "that a violation of the covenants in the deed amounts to an irreparable injury" precluded the granting of injunctive relief. Our supreme court held that "appropriate allegations showing the violation of or quasi violation of the covenant [are] sufficient." *Id.*

Following *Stephl*, "Florida courts have held that the rule excusing proof of irreparable harm also avoids the need for the party seeking to enforce a restrictive covenant to demonstrate the absence of an adequate remedy at law." *Fowler v. Burnham*, 408 So. 3d 834, 837 (Fla. 1st DCA 2025) (quoting *Chick-Fil-A, Inc. v. CFT Dev., LLC*, 652 F. Supp. 2d 1252, 1263 (M.D. Fla. 2009)); *Blue Reef Holding Corp. v. Coyne*, 645 So. 2d 1053, 1055 (Fla. 4th DCA 1994) (stating that "irreparable injury is not required to be shown to enjoin a violation of a restrictive covenant affecting real property"); *Jack Eckerd Corp. v. 17070 Collins Ave. Shopping Ctr., Ltd.*, 563 So. 2d 103, 105

---

[1] "Irreparable harm and an inadequate remedy at law are two sides of the same coin." *Park Crossing Homeowners Ass'n, v. Suarez*, No. 4D2023-3116, 2025 WL 1241795, at *10 n.3 (Fla. 4th DCA Apr. 30, 2025). "[W]hat makes an injury irreparable is that no other remedy can repair it." *Weinstein v. Aisenberg*, 758 So. 2d 705, 708 (Fla. 4th DCA 2000) (Gross, J., concurring) (quoting Douglas Laycock, *The Death of the Irreparable Injury Rule*, 103 Harv. L. Rev. 687, 694 (1990)).

(Fla. 3d DCA 1990) (stating that "[w]here an injunction is sought to prevent the violation of a restrictive covenant, appropriate allegations showing the violation are sufficient and it is not necessary to allege, or show, that the violation amounts to an irreparable injury").

The rationale for the *Stephl* approach in restrictive covenant cases is that "[t]he value of a restrictive covenant . . . is often difficult to quantify and may be impossible to replace." *Autozone*, 934 So. 2d at 673 (quoting Restatement (Third) of Property (Servitudes) § 8.3 cmt. b (2000)); *accord Velickovich v. Ricci*, 391 So. 2d 258, 259 (Fla. 4th DCA 1980); *Residences at the Bath Club Condo. Ass'n v. Bath Club Ent., LLC*, 355 So. 3d 990, 998–99 (Fla. 3d DCA 2023); *Daniel v. May*, 143 So. 2d 536, 538 (Fla. 2d DCA 1962).

"[T]o enforce a restrictive covenant, one need not show that the violation thereof amounts to an irreparable injury . . . the breach itself is sufficient ground for interference by injunction." *Europco Mgmt. Co. of Am. v. Smith*, 572 So. 2d 963, 968–69 (Fla. 1st DCA 1990). A party seeking an injunction to prevent the violation of a restrictive covenant establishes a prima facie case by presenting evidence showing the violation." *Killearn Acres Homeowners Ass'n v. Keever*, 595 So. 2d 1019, 1021 (Fla. 1st DCA 1992); *accord Coyne*, 645 So. 2d at 1055 (Fla. 4th DCA 1994); *Daniel*, 143 So. 2d at 538 (explaining that "an injunction against violation of restrictive covenants may be granted although there is no showing of irreparable injury").

### *Section 720.305(1) Allows for Equitable Relief Even Where a Remedy at Law is also Available*

The Florida's Homeowners' Association Act is consistent with this traditional rule for the enforcement of restrictive covenants on land. Section 720.305(1), Florida Statutes (2022), authorizes an association or any member to bring "[a]ctions at law or in equity, **or both**, to redress alleged failure or refusal to comply with" the provisions of chapter 720, the governing documents, and the rules of the association. (Emphasis added).

By using the phrase "or both," section 720.305(1) unambiguously gives an association the right to seek relief in equity, even if an action at law is also available to redress the alleged violation. The statute does not limit the availability of equitable relief to situations where legal remedies are inadequate.

Had the legislature intended that a remedy at law bar equitable relief, the statute would have authorized associations or members to bring

6

"actions at law or in equity." The inclusion of the words "or both" plainly signals an intent to permit a homeowner to pursue both equitable and legal remedies without limitation. *See City of Rehoboth Beach v. Capasso*, No. CIV. A. 992, 1986 WL 10500, at *3–4 (Del. Ch. 1986) (in a zoning case, rejecting the argument that the remedy of self-help precluded an injunction to abate a violation, where the applicable statute conferred the power to sue for injunctive relief "in addition to other remedies").

As we recently held, "[t]he general requirement for injunctive relief, that there be an inadequate remedy at law and irreparable harm, is relaxed under Chapter 720 enforcement cases." *Park Crossing Homeowners Ass'n v. Suarez*, No. 4D2023-3116, 2025 WL 1241795, at *10 (Fla. 4th DCA Apr. 30, 2025) (footnote omitted). In *Suarez*, we affirmed an injunction designed to abate the loud noises of an autistic resident, concluding that the association "was not required to show an inadequate remedy at law or irreparable harm because the case involved enforcement of a restrictive covenant governing real property." *Id.* at *11.

This same approach is evident in *Neuteleers v. Patio Homeowner's Ass'n*, 114 So. 3d 299 (Fla. 4th DCA 2013). There, a homeowner's association sought an injunction to compel homeowners to comply with the governing declaration's insurance purchase provision. *Id.* at 300. One of the defendants argued that the complaint failed to state a cause of action because the declaration provided that the association might purchase insurance and charge the owner. *Id.* at 301. Rejecting that approach, we suggested that section 720.305(1)(b) was "authority for the Association to bring an equitable action to enforce" the declaration against a member, even if a self-help remedy also existed. *Id.*

In addition, section 720.305(1) signaled no explicit and clear intent to change the longstanding Florida common law dating back to *Stephl* and earlier. As the Florida Supreme Court has observed,

> [t]he presumption is that no change in the common law is intended unless the statute is explicit and clear in that regard. Unless a statute unequivocally states that it changes the common law, or is so repugnant to the common law that the two cannot coexist, the statute will not be held to have changed the common law.

*Thornber v. City of Ft. Walton Beach*, 568 So. 2d 914, 918 (Fla. 1990) (citations omitted). As is demonstrated above, section 720.305(1) is entirely consistent with the common law, not repugnant to it.

Our reading of section 720.305(1) is consistent with the caution Florida statutes and cases have observed when it comes to the "remedy" of self-help. Rather than encouraging parties to resort to self-help remedies, Florida law has placed limitations on its use.

For example, in article 9 of Florida's Uniform Commercial Code, self-help is limited to situations where it can be accomplished without a breach of the peace. Section 679.609, Florida Statutes (2025), states that after default, a secured party "[m]ay take possession of the collateral" "[w]ithout judicial process, if it proceeds without breach of the peace." § 679.609(1)(a) & (2)(b), Fla. Stat. (2025). The Florida Supreme Court has held that an earlier version of this section "is no more than a codification or restatement of a common law right and a contract right recognized long before the promulgation" of the code section. *Northside Motors of Fla. v. Brinkley*, 282 So. 2d 617, 622 (Fla. 1973). This self-help right is "limited by the breach of the peace rule: if [a creditor's] attempt to take possession results in a breach of the peace, then it is liable for injury resulting from the attempt." *Nixon v. Halpin*, 620 So. 2d 796, 798 (Fla. 4th DCA 1993). What constitutes a breach of the peace is a fact-intensive inquiry, and a self-help remedy that crosses the line exposes an actor to liability for negligence or for damaging another's property. *See Quest v. Barnett Bank of Pensacola*, 397 So. 2d 1020, 1024 (Fla. 1st DCA 1981).

Similarly, in the landlord/tenant context, self-help was a remedy available to a landlord at common law. *See Greelish v. Wood*, 914 A.2d 1211, 1215–17 (N.H. 2006). In Florida, a 1983 amendment to section 83.05, Florida Statutes, "abrogate[d] the landlord's right to obtain possession—unless he files an action for possession under section 83.20, or other civil action—in every case in which the tenant remains on the premises after having been given" the statutory notice. *Harrell v. Seyfarth, Shaw, Fairweather & Geraldson*, 491 So. 2d 1173, 1175 (Fla. 1st DCA 1986). This limitation on self-help applies "even though it was authorized by the terms of the parties' lease." *Palm Beach Fla. Hotel v. Nantucket Enters., Inc.*, 211 So. 3d 42, 44–45 (Fla. 4th DCA 2016). "One type of 'unlawful' eviction occurs when the landlord exercises 'self-help' to evict the tenant." *CSC ServiceWorks, Inc. v. Boca Bayou Condo. Ass'n*, 308 So. 3d 1021, 1028 (Fla. 4th DCA 2020).

The modern trend to discourage self-help remedies is "founded on the recognition that the potential for violent breach of the peace inheres in any situation" where a person exercises self-help on property occupied by another. *Greelish*, 914 A.2d at 1216 (quoting *Berg v. Wiley*, 264 N.W. 2d 145, 151 (Minn. 1978)); *see also Herrell*, 491 So. 2d at 1175–76 (construing statute as "requiring the landlord to file an action for possession

8

in *all* circumstances" apart from limited exceptions "which, if they occur, permit the landlord to reenter the premises peaceably and retake possession"); *Paese v. State*, 381 So. 3d 4 (Fla. 4th DCA 2024) (involving felony criminal charges and a stand-your-ground hearing arising from an investigation of a possible building code violation by a condominium owner).

We decline to construe section 720.305(1) in a way that (1) burdens the use of injunctions, the most expeditious and safest way to remedy a covenant violation, and (2) elevates self-help to a preferred remedy. Such an application of the statute would unnecessarily complicate the enforcement of covenants under Chapter 720 and increase litigation expenses.

### *In this Case, Self-Help was Not an Adequate Remedy at Law*

Even if we were to depart from established law and a plain reading of section 720.305(1), we would still reject the notion that self-help was an *adequate* remedy at law in this case. This was not a case involving a minor violation like an errant clothesline, which might have been easily removed by a few snips with scissors. Self-help in this case could have engendered a complicated, multi-count lawsuit.

A remedy at law is inadequate where "it might require a multiplicity of actions" to successfully obtain relief. *City of Jacksonville v. Giller*, 135 So. 549, 551 (Fla. 1931). "The mere existence of a legal remedy does not prevent a suit in equity unless the legal remedy be plain, certain, prompt, speedy, sufficient, full and complete, practical and efficient in attaining the ends of justice." *McNorton v. Pan Am. Bank of Orlando, N.A.*, 387 So. 2d 393, 399 (Fla. 5th DCA 1980); *see also Morgan v. City of Lakeland*, 107 So. 269, 272 (Fla. 1925) ("While it is well settled that an injunction will not be granted where a remedy at law is adequate, yet, where the remedy at law is not full, complete, and adequate, or where complete relief is doubtful and a more ample and appropriate remedy may be thereby afforded, equity will take cognizance and give relief, if it can be done, in accordance with recognized principles of chancery jurisdiction."); *Ponce v. Demos*, 31 So. 2d 58, 59 (Fla. 1947) ("If the remedy at law is not as sensitive to the prompt administration of justice as the remedy at equity, then the latter should be adopted."); *Lesron Junior, Inc. v. Feinberg*, 213 N.Y.S.2d 602, 605–06 (N.Y. App. Div. 1961) ("To deprive a plaintiff of the aid of equity by injunction it must also appear that the remedy at law is plain and adequate; in other words, that it is as practical and efficient to secure the ends of justice and its proper and prompt administration as is the remedy in equity. . . . [I]t does not follow that because equity will decline to exercise

its power where there is an adequate remedy at law, meaning an action at law, that, therefore, its doors are closed to petitioners because of the existence of an administrative remedy, an appropriate criminal proceeding,—or even the availability of self-help.").

Here, self-help would have required the Association to embark on a substantial horticultural project on the Homeowners' property against the Homeowners' wishes. There was a risk that the project could have degenerated into a breach of the peace. There was a risk that the Homeowners' property could have been damaged. The parties would have had to litigate the reasonableness of the cost of the Association's project. The Homeowners could have challenged the existence of a violation after the self-help had taken place. Failure to reimburse the Association for the project would have allowed the Association to foreclose its lien. The complications that self-help could generate in this case renders the remedy inadequate.

In contrast, where an injunction compels a homeowner to bring his property into compliance, the homeowner can choose how much he wants to spend to do so. An injunction may be enforced through a contempt proceeding. An injunction is the more efficient and complete remedy in this case.

The self-help remedy is a legal tightrope suspended over substantial legal risks. There is no reason to elevate the self-help remedy in chapter 720 litigation to exalted status, at the expense of long-settled law. "By making equitable remedies available for chapter 720 rule violations, the legislature determined that it was in the public interest to resolve homeowners' disputes by mediation or in lawsuits at the courthouse, using equitable or other legal remedies, not by self-help, which would turn Florida into the wild west with a proliferation of stand-your-ground scenarios." *Suarez*, 2025 WL 1241795, at *12.

### *Summary Judgment for the Association was Proper*

Here, the trial court properly denied the Homeowners' motion for summary judgment and granted the Association's competing motion. The Association's complaint stated a cause of action for injunctive relief despite the existence of a self-help remedy in the declaration. Because the complaint sought injunctive relief for the violation of a restrictive covenant governing real property, the Association was not required to allege or prove irreparable harm or the absence of an adequate remedy at law. This conclusion is consistent with *Stephl, Autozone, Suarez,* and section 720.305(1), Florida Statutes.

10

### *The Conflict Cases*

We certify an express and direct conflict with two cases holding that a declaration's self-help provision constituted an adequate remedy at law and thus precluded an association from obtaining injunctive relief for an owner's failure to comply with maintenance or lawn care requirements in the declaration.

In *Mauriello v. Property Owners Ass'n of Lake Parker Estates*, 337 So. 3d 484 (Fla. 2d DCA 2022), the Second District held that the trial court erred in determining that an association was entitled to prevailing party attorney's fees in its injunction action, where the declaration provided the association an "adequate remedy at law" by giving the association the option of remedying the violation and assessing the owners. *Id.* at 485, 487. The association had sought a mandatory injunction against the homeowners for failing to maintain their lawn and landscaping in good condition. *Id.* at 485. During the litigation, the property was sold, and the new owners voluntarily cured the alleged violations, rendering the action moot. *Id.* at 486.

The trial court entered a final judgment awarding attorney's fees to the association, but the Second District reversed. *Id.* at 488. The appellate court determined that the association had never stated a cause of action, "because the trial court should have dismissed the complaint or entered summary judgment in favor of the [homeowners] at the outset." *Id.* at 487. Dismissal was proper because "the association's declaration gave it the option of remedying the alleged violation itself, assessing the owner for the cost, and if the owner failed to pay, placing a lien on the property and foreclosing if it remained unpaid." *Id.* Therefore, the association could not be the prevailing party because the trial court should have dismissed the case or granted summary judgment for the homeowners at the outset.[2] *Id.*

Similarly, in *McConico v. Morgan's Mill Property Owners Ass'n*, 387 So. 3d 368, 369 (Fla. 6th DCA 2023), the Sixth District reversed a final judgment granting injunctive relief in favor of a homeowners' association and compelling the owner to perform certain maintenance. The appellate court held that "because the Declaration provides [the association] the

---

[2] The appellate court also rejected the trial court's reasoning for awarding attorney's fees, explaining: "[T]he Association may have obtained the relief it sought, but it came from the new owner, not the [original homeowners]. Therefore, it was not a prevailing party." *Id.* at 488.

option of performing the necessary maintenance and repairs at [the owner's] expense, [the association] has an adequate remedy at law."[3]  *Id.* at 370.

The Sixth District concluded that the trial court should have granted the owner's motion to dismiss, as the association failed to meet the requirement for injunctive relief that "there must be a lack of an adequate remedy at law."  *Id.* at 370–71.  The court distinguished *Autozone*, asserting that the rule that injunctive relief is normally available to redress violations of restrictive covenants on real property "is only applicable to cases where an infringement on real property 'is not readily remediable by assessment of damages of law,'" which the Sixth District found was "not the case here."  *Id.* at 371.

We disagree with the Sixth District's reading of *Autozone*.  *Autozone* does not say that the rule allowing for injunctive relief for violations of restrictive covenants on real property is "only applicable" when an infringement is not readily remediable by damages.  Instead, *Autozone* flatly says that "there is a right to equitable relief in such cases 'because every piece of land in the world has a peculiar value, infringement of which is not readily remediable by assessment of damages of law.'"  934 So. 2d at 673–74.  Thus, *Autozone* treats all violations of restrictive covenants on property as "not readily remediable" by damages.  In fact, *Autozone* makes this point clear: "We acknowledge the view that any harm—including the harm caused by the violation of a restrictive covenant relating to the use of real property—can be assigned a monetary value.  But the law of Florida has not embraced that view."  *Id.* at 675.

Finally, *McConico* treated self-help as an adequate remedy at law.  In response to the association's argument that forcible entry onto the owner's land would assure a confrontation, the Sixth District found this concern to be "vague and entirely speculative," adding that such a concern "does not change the fact that [the association] in fact had an adequate remedy at law."  387 So. 3d at 371.  The Sixth District suggested that the self-help remedy needed to be attempted before resort to injunctive relief: "If [the association] had utilized this option and actually been prevented from entering [the owner's] property, [the association] may have been entitled to injunctive relief to enter the property.  However, because [the association]

---

[3] The declaration in *McConico* stated that the association "may at its option . . . perform such reasonable maintenance and make such repairs as may be required and deemed necessary to restore the neat and attractive appearance of the Lot and the exterior of the Residence located thereon."  *Id.* at 369.

12

chose not to attempt to utilize this option, an adequate remedy at law is left outstanding." *Id.*

The conflict cases give inadequate consideration to longstanding case law and the plain language of section 720.305(1). The conflict cases' emphasis on the self-help remedy unnecessarily complicates the governance of homeowners' associations and undermines a statutory enforcement process.

### ***The Association was the Prevailing Party Entitled to Recover its Attorney's Fees and Costs***

The trial court did not abuse its discretion in determining that the Association was the prevailing party entitled to attorney's fees and costs, as the Homeowners voluntarily complied with the Association's requested relief by removing their "mulch lawn" and re-sodding their lawn/yard after suit was filed.

The "prevailing party" for purposes of entitlement to attorney's fees is "the party prevailing on the significant issues in the litigation." *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 810 (Fla. 1992). The test is whether the party succeeded on any significant issue in litigation which achieves some of the benefit the party sought in bringing suit. *Id.* at 809–10. "[C]ourts must look to the substance of litigation outcomes—not just procedural maneuvers—in determining the issue of which party has prevailed in an action." *Tubbs v. Mechanik Nuccio Hearne & Wester, P.A.*, 125 So. 3d 1034, 1041 (Fla. 2d DCA 2013).

Therefore, a defendant's post-suit voluntary compliance with the relief sought in the plaintiff's complaint is ordinarily sufficient for the plaintiff to be considered the prevailing party. *See Isola Bella Homeowners Ass'n v. Clement*, 328 So. 3d 1134, 1135 (Fla. 4th DCA 2021) ("[T]he Association uncompromisingly obtained the only relief sought on the only issue raised in this litigation: compliance with the declaration and removal of the encroaching fence. This was sufficient for the Association to be considered the prevailing party."); *51 Island Way Condo. Ass'n v. Williams*, 458 So. 2d 364, 366–67 (Fla. 2d DCA 1984) (holding that the association was the prevailing party where the case was rendered moot by the owners' volitional act of transferring their condominium interest on the day of trial, thereby acceding to the association's request for relief and "evincing their deliberate choice not to contest the association's position"); *Augustin v. Health Options of S. Fla., Inc.*, 580 So. 2d 314, 315 (Fla. 3d DCA 1991) (holding that where the defendant eventually changed its position and mooted the action by making full payment as prayed for in the plaintiff's

complaint, "[t]his was the functional equivalent of a judgment or verdict in favor of the plaintiff and therefore entitled the plaintiff to an award of attorney's fees").

By contrast, an association cannot be considered the prevailing party where the owner was entitled to a dismissal or summary judgment at the outset of the litigation due to an association's failure to state a cause of action for injunctive relief. *See Alorda v. Sutton Place Homeowners Ass'n*, 82 So. 3d 1077, 1080 (Fla. 2d DCA 2012) (holding that "the Association cannot be considered the prevailing party because it did not state a cause of action for injunctive relief in its complaint"); *Mauriello*, 337 So. 3d at 487 ("As in *Alorda*, the Association cannot be considered a prevailing party because the trial court should have dismissed the complaint or entered summary judgment in favor of the Mauriellos at the outset.").

We have held that the Association properly stated a claim for injunctive relief. It follows that the Association is the prevailing party because the Homeowners voluntarily complied with the requested relief sought by the Association in the litigation.

### *Conclusion*

We affirm both final judgments on appeal and certify conflict with *Mauriello* and *McConico*.

*Affirmed; conflict certified.*

KUNTZ, C.J., and LEVINE, J., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**